## A. G. Ramirez et al. v. Francis Smith.

### No. 930.    Decided November 22, 1900.

**1.  Notice—Equitable Title—Recitals in Judgment.**

A mortgagee acquiring his rights from the holder of the legal title was not affected with notice of equitable interests in others, though such interests were shown by the recitals in a decree in- suit between the mortgagor and his grantor, where such mortgagor showed a complete legal title by conveyance from his grantor, without resorting to the judgment to make out his chain of title. (P. 189.)

**2.  Notice—Possession.**

Actual possession by one of several cotenants having equitable interests in land of which one of them only held the legal title, was, as against a mortgagee from such legal owner, notice of the equitable rights of the possessor and his cotenants. (Pp. 189, 190.)

**3.  Same—Possession Not Ambiguous.**

Such actual possession by the cotenant in equity was not rendered subordinate to the legal owner's rights nor ambiguous in its character by the fact that the holder of the legal title was one of the cotenants in equity for whom the possession was held; nor by the fact that the holding and use was in the conduct of a cattle business in which all the cotenants were interested, but of which the one holding the legal title was the head. (P. 190.)

**4.  Same—Exclusive Possession.**

There being no actual joint possession by the holder of the legal title, the possession held was exclusive and adverse as to any right of his as sole legal owner, though in subordination to his right as equitable joint tenant. (P. 190.)

**5.  Same—Judgment as Explaining Possession.**

The possession by heirs who were joint owners of equitable interests is not explained or rendered subordinate to the legal title, held by ·one of them, by a judgment which showed that a third party was permitted to recover lands from all such heirs in consideration of having conveyed the legal title to the tract in controversy to one of them. Such judgment suggested to one reading it that the conveyance to one was for the benefit of the others, and that their possession was in their own right as equitable cotenants and not subordinate to the owner of the legal title. (Pp. 191, 192.)

**6.  Same—Cases Distinguished.**

This case distinguished from those of possession by one whose deed to another is of record (Eylar v. Eylar, 60 Texas, 318) and from possession by one having two claims to land, only one of which is on record. (P. 191.)

**7.  Notice—Possession of Part.**

Actual possession of a part of a tract of land is notice of the claim of the possessor to the whole tract. (P. 192.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Francis Smith sued Skidmore to foreclose a vendor's lien on land, making the plaintiffs in error, Ramirez et al., defendants as claimants of an interest therein. These defendants, as to whom the suit was one for the recovery of land, appealed from a judgment in favor of plaintiff, and on its affirmance obtained writ of error.

*J. B. Wells* and *Denman, Franklin, Cobbs & McGown*, for plaintiffs in error.—The Court of Civil Appeals erred in not sustaining appellants' third assignment of error and in not rendering judgment for appellants, and in its conclusion of law in holding that Francis Smith & Co. were not put upon inquiry and charged with notice of appellants' equitable title to the land in controversy by the possession of Braulio Ramirez, because of the judgment in the case of Haynes v. Ramirez.

The legal effect of the judgment in the case of Haynes v. Ramirez, it being a part of Smith's chain of title, was to put him upon inquiry to ascertain what the agreement was between him and his coheirs, between whom and himself a fiduciary relation was shown to exist, and to charge Smith & Co. with notice of the trust with which A. G. Ramirez's legal title was burdened. Cook v. Caswell, 81 Texas, 683.

A. G. Ramirez, the coheir and guardian ad litem of appellants, as shown by said judgment, could not assert under his legal title any right adverse to appellants, and Smith & Co. were charged with notice of this legal status of the parties. Sandoval v. Rosser, 86 Texas, 683; Fortune v. Killebrew, 86 Texas, 173; Iturri v. Whitehead, 22 Texas, 556.

The judgment in the case of Haynes v. Ramirez having been entered by agreement of the parties after he had conveyed the lands for the use and benefit of defendants to A. G. Ramirez, inured to their benefit and estopped either Haynes or A. G. Ramirez from claiming adversely to appellants' title. Sandoval v. Rosser, 86 Texas, 687.

In any event, the judgment in the Haynes v. Ramirez case could not be used to excuse inquiry by Smith & Co. of Braulio Ramirez, who was in actual possession, as to the right and nature of his claim, in analogy to a recorded deed by the person in possession, because there is no voluntary act on the part of a party to a judgment. It has none of the elements of estoppel or legal fraud,—especially is this true of this judgment, which discloses the equitable title of appellants.

The actual possession of Braulio Ramirez of a part of the land in controversy being, under the law, notice of his claim to the land, such notice can not be affected or destroyed by the judgment in Haynes v. Ramirez as held by the Court of Civil Appeals, because it appears on the face of such judgment that A. G. Ramirez took the judgment for their joint benefit and the title in trust for appellants.

Francis Smith & Co. when they loaned the money to A. G. Ramirez, who held the legal title to the land in controversy in trust for appellants, were put upon inquiry and under the law charged with notice of appellants' claim to the land by virtue of the possession of said lands held by Braulio Ramirez for himself and appellants. Watkins v. Ed-

wards, 23 Texas, 444; Mann v. Falcon, 25 Texas, 273; Hawley v. Bullock, 29 Texas, 224; Mullins v. Wimberly, 50 Texas, 465; Mainwarring v. Templeman, 51 Texas, 211; Wimberley v. Bailey, 58 Texas, 223; Laroe v. Gaunt, 62 Texas, 482; Glendenning v. Bell, 70 Texas, 633; Allison v. Pitkin, 33 S. W. Rep., 293; Texas L. & L. Co. v. Blalock, 13 S. W. Rep., 12; Harold v. Sumner, 78 Texas, 581; McCamant v. Roberts, 80 Texas, 317; Cook v. Caswell, 81 Texas, 683; Stiles v. Japhet, 84 Texas, 99; Ball, Hutchings & Co. v. Presidio County, 88 Texas, 60.

*Upson, Newton & Ward,* for defendants in error.—The possession by Braulio Ramirez of a portion of the Retaches was not constructively the possession of the whole, so as to charge a purchaser from the person holding the record title with notice of his title. Wade on Notice, secs. 279, 291-293, 303; Dickey v. Lyon, 19 Iowa, 544; 16 Am. and Eng. Enc. of Law, 803, 620; Eylar v. Eylar, 60 Texas, 318.

Possession, to amount to notice, must be open, notorious, visible, exclusive, and of such a character as not to mislead the public. The joint possession of one having the record title and another claiming an equitable title does not operate to charge a purchaser from the holder of the legal title with notice of the equity. Eylar v. Eylar, 60 Texas, 318; Parker v. Cook, 60 Texas, 115; Evans v. Roth, 61 Texas, 84; Wallace v. Wilcox, 27 Texas, 65; Puckett v. Reed, 22 S. W. Rep., 515; Smith v. Yule, 31 Cal., 180; Brown v. Volkening, 64 N. Y., 76; Cook v. Travis, 20 N. Y., 400; Wade on Notice, secs. 279-290; 2 Dev. on Deeds, sec. 760; 2 Pom. Eq. Jur., sec. 620.

The possession must be inconsistent with the recorded title and must afford certain indications that the record does not show the true owner of the land, and where the record shows the title out of the person in possession, a person may deal with the record title and is not required to inquire of the person in possession as to the character of his possession. Mullins v. Wimberly, 50 Texas, 465; Wethered v. Boon, 17 Texas, 143; Eylar v. Eylar, 60 Texas, 319; Love v. Breedlove, 75 Texas, 649; Hurt v. Cooper, 63 Texas, 362; Wade on Notice, secs. 288, 289; 16 Am. and Eng. Enc. of Law, 803.

WILLIAMS, ASSOCIATE JUSTICE.—Defendant in error brought this suit against F. O. Skidmore to recover the amount due on certain promissory notes of which he was the maker and to foreclose a vendor's lien on two tracts of land, one known as the "Retaches" and the other as the Robert Moore survey, for the purchase money of which the notes were given. Plaintiffs in error were made defendants as claimants of an interest in the land. Plaintiffs in error pleaded their rights as they will hereafter appear. Skidmore defended the action on the notes, alleging that by reason of the claim of his codefendants (plaintiffs in error), who were in possession of the land, he had been unable to obtain possession thereof, and prayed, among other things that if such codefendants

should recover the land or any part thereof as against plaintiff, the notes be canceled.

The title of plaintiff to the whole of the land was derived through the foreclosure of a deed of trust on the two tracts, executed to Francis Smith & Co. on the 9th day of April, 1892, by Antonio G. Ramirez, in whom the legal title was then vested, to secure a loan of money made to him by Smith & Co. Plaintiff had also acquired the interests of certain ones of defendants through sale under execution prior to his sale to Skidmore, and as to this there was no dispute. The defendants in error, at the time of execution of the deed of trust from Antonio Ramirez to Francis Smith & Co., and of the foreclosure thereof, held the equitable title to interests in the land, the legal title being vested in Antonio in trust for them; and the chief question in the case was and is whether or not the mortgagees were chargeable with notice of such equitable title, there being no pretense that the purchaser at the foreclosure sale acquired any right superior to that to which the mortgage attached.

The history of the two titles is as follows: Lino Ramirez, the father of Antonio and the other plaintiffs in error, was, in his lifetime, engaged in stock raising and conducted a number of separate ranches upon land which was the community property of himself and his wife, Lucia, one of which was called Las Comitas. He extended his fence around this ranch across a vacant tract of 1280 acres, now the James Moore survey, and onto the Retaches, and inclosed within his ranch all of the former and about 1500 acres of the latter, believing all of it to be included in Las Comitas or to be vacant land. He located certificates upon and procured patents for some of the land embraced in the Retaches tract. John L. Haynes was then the owner of the Retaches, and in 1886 he brought suit against Lino Ramirez to recover that tract and to cancel the junior patents and surveys. Pending this suit, a verbal agreement was made between Haynes and Ramirez that surveyors should be appointed to survey the Retaches and that, if it should be found that the lands claimed by the latter were covered by that grant, Ramirez would buy the whole of the Retaches at an agreed price. Before this agreement could be carried out, Lino Ramirez died, leaving a widow and children, all of the latter being minors except Antonio and a daughter. His death was suggested of record May 18, 1887, and an order entered that his heirs and legal representatives be made parties, and on May 21, 1887, it having been ascertained by the survey that the Retaches grant did include lands claimed by Ramirez, the following agreement was reduced to writing for the purpose of carrying out the prior oral agreement made by him:

"In the above entitled and numbered causes, pending in the District Court for Starr County, Texas, it is agreed by and between the respective parties hereto that due and proper process shall issue to cite the heirs at law of Lino Ramirez, deceased, to appear therein, and that as said plaintiff Haynes has conveyed said lands in controversy to An-

tonio Ramirez, one of said heirs at law, and said parties have agreed to entry of judgment herein in accordance with said fact, at the next term of court, said Haynes has agreed to and has executed said conveyance to said Ramirez as agreed upon between said parties, and it is therein and hereby expressly stipulated and agreed that said cause shall be finally adjusted at the next term of District Court for Starr County by entry of judgment in cause No. 374 in favor of said Haynes, and by such judgment in cause No. 373 as may be desired by said Ramirez heirs at law, the same in no way or manner to entail cost, damage or expense to said Haynes. As to costs already paid, no account shall be taken thereof. Defendants, however, are to pay all further costs connected with said suits and their final termination. This determination of these said two causes is understood to fully end and determine all matters and causes of litigation for damages, etc., etc., or other causes arising by the after acts of each and every of said defendants in and about the subject matter of litigation in said two causes. No judgment to be rendered for damages, and judgment to be rendered for cancellation of survey made thereon to be only to extent of conflict as shown by the pleadings herein as far as same actually conflict.

"Witness our hands this 21st day of May, 1887.

"R. B. Rentfro,<br>
Atty. for Plaintiff.<br>
"Wells & Hicks<br>
Defts. Attorneys."

At the same time, Haynes executed to Antonio Ramirez a deed conveying the Retaches land in consideration of the price agreed on by Lino, for which Antonio executed his note, which was subsequently paid out of the estate of Lino and Lucia Ramirez. The transaction took this form because Haynes did not wish to contract with minors and wanted a decree canceling the junior surveys and settling the boundaries of the Retaches, and Antonio acted as representative of the other heirs. The widow and children of Lino Ramirez were made parties to the suit by Haynes, and, at the next term of the court, Antonio was appointed guardian ad litem for the minors. All the defendants filed general denials, and a judgment was entered reciting that the parties produced the above agreement, setting it forth, and adjudging the Retaches land to Haynes, fixing its boundaries and canceling the junior surveys so far as they conflicted with it.

During the same year Lucia, the widow of Lino Ramirez, qualified as survivor, inventorying the land in controversy as part of the community estate, and she and Antonio formed a partnership for carrying on the stock business upon all the ranches, including Las Comitas, Antonio having the general management and supervision. This partnership continued until her death in September, 1888.

Having learned that the land now included in the Robert Moore survey was vacant, Antonio, in the early part of 1888, bought, with funds

of the estate, a certificate, taking the transfer in his own name for convenience, which he located upon this land, and on May 29, 1888, received. a patent to himself as assignee. The uncontradicted evidence shows that this, also, was done for the benefit of the estate. In 1888, after the death of Lucia, Antonio became guardian of all the heirs except his adult sister, and inventoried the property in controversy as part of the estate, and continued in such guardianship and management of the stock business upon all of the ranches until the mortgage was given to Smith & Co., but never resided upon or otherwise held possession of Las Comitas.

Since it was first made, the fence built by Lino Ramirez has inclosed, with Las Comitas ranch, the land embraced in the Robert Moore survey and the 1500 acres of the Retaches. From 1887 until after the mortgage was given by Antonio, Braulio Ramirez, one of the minor sons of Lino, lived upon and looked after this ranch, and, as found by the district judge, "claimed possession thereof as one of the heirs." The uncontradicted evidence warrants the statement that he held possession for himself and the other heirs, as indeed the language quoted imports. While so holding possession of the ranch, he looked after and managed the stock upon it, but recognized and accounted to Antonio as the general manager of the stock business until after the mortgage was given to Smith & Co.

When Antonio Ramirez applied to Smith & Co. for the loan, he produced an abstract of title which showed a perfect legal title in him to the land in controversy, and according to the agreed statement of facts, indicated nothing of the claim of the other defendants. Smith & Co. had no notice of any of the probate proceedings, inventories, etc. Whether or not they knew of the judgment or any of the proceedings in the case of Haynes v. Ramirez is not shown, nor does it appear that they made any inquiry concerning the title besides the examination of the abstract.

Plaintiffs in error assert that Francis Smith & Co., when they took their mortgage, were affected with notice of the rights of plaintiffs in error in two ways, viz.: (1) by the recitals of the judgment of Haynes v. Ramirez; (2) by the possession of Braulio Ramirez.

The first contention can not be sustained because it is not shown that the mortgagees had knowledge of the contents or existence of that judgment, and it constitutes no such part of their chain of title as to charge them with constructive notice of its recitals. It effected only the Retaches land, and to that Antonio Ramirez had a complete legal title without it. Haynes owned that grant, and it clearly appears from matters in the record outside of the judgment, and was virtually conceded in the trial below, that such grant included all the land claimed under it. The deed from Haynes to Antonio Ramirez, therefore, conveyed such land without the aid of the judgment.

But we think the second contention based upon possession is sound. It is indubitably settled by the decisions of this court, as a general

rule, that actual possession of land by a claimant thereof is notice to a purchaser from a third person of the title of the possessor. Such possession is held to be notice because it is a fact which the purchaser must know and which puts him upon inquiry concerning the claim of the person holding possession. Watkins v. Edwards, 23 Texas, 443; Hawley v. Bullock, 29 Texas, 224; Mullins v. Wimberly, 50 Texas, 465; Mainwarring v. Templeman, 51 Texas, 205; Laroe v. Gaunt, 62 Texas, 482; Glendenning v. Bell, 70 Texas, 633. It is equally true that possession by one joint owner is to be regarded as the possession of his cotenants unless the contrary is shown. Freem. on Coten., secs. 166, 167. While the legal title was in Antonio, he and his coheirs, for whose benefit such title was acquired, were tenants in common of the equitable title and one of such cotenants was in possession for all. Unless the case presents one of those exceptional states of fact in which possession is not considered to be notice of the claim under which it is held, the general rule must be applied. It is urged by counsel for defendant in error that the possession of Braulio Ramirez was held under and for Antonio Ramirez; that, at least, it was not exclusive of Antonio, but was the joint possession of Antonio and Braulio; and that it was so ambiguous as to divest it of the character required to charge Antonio's mortgagees with notice of any claim adverse to his.

We think the facts stated conclusively answer each of these contentions. Braulio's possession was not held for, or in subordination to, Antonio, but in his own right as one of the equitable owners and in the assertion of the title of himself and his cotenants. The fact that the land was used in the stock business of which Antonio was the head was not inconsistent with and did not detract from the possession and claim held and asserted by Braulio. All the heirs were interested in the land and all had the right to so use it in the business which had descended to them from their parents. Such use, so far from impairing the possession, gave emphasis to it as the recognition and assertion by all of their common title. There was no joint possession held by Antonio, and while the possession and claim of Braulio did not exclude Antonio from the enjoyment of his true rights as an heir, it was exclusive of any claim of his to the whole land under the patent and the conveyance from Haynes. The possession was a distinct and clear assertion of the claim of all the heirs, and was therefore an exclusive one in the sense in which that term is used in the books, there being no joint actual possession by Antonio.

The proposition that the possession must be exclusive of and inconsistent with that of the grantor has generally been asserted in cases where one has made a deed to another with a reservation of some unrecorded right in the premises and both have remained in possession; and this was held to be explained by the deed to the grantee. In this case the title was conveyed to Antonio Ramirez by the State and by Haynes for the benefit of all the children of Lino Ramirez, and possession has been held by one of the beneficiaries for the benefit of all. The

case bears no resemblance to those relied on. The proposition that the possession must be inconsistent with that of the person holding the legal title, applied as here attempted, would entirely destroy the doctrine of notice by possession. A purchaser, without troubling to inform himself as to the claim of the possessor, might assume any possession to be consistent with the legal title of record, as that the possessor was holding as tenant of or otherwise in subordination to the holder of such title. But the law permits him to make no such assumption, and the reason is that the possession puts him on inquiry which he must prosecute with reasonable diligence. Bailey v. Richardson, 15 Eng. L. and Eq., 218; Daniel v. Davidson, 16 Ves., 249. The facts of the case make it evident that any inquiry would have revealed to the mortgagees the true state of this title.

There are cases which, while recognizing the proposition that possession is sufficient to excite inquiry, hold that where the possessor has done something, such as making a deed to another which is of record, which furnishes a sufficient answer to the inquiry arising, the possession does not impose the duty of further investigation. Eylar v. Eylar, 60 Texas, 318; Hurt v. Cooper, 63 Texas, 365; Heidenheimer v. Stewart, 65 Texas, 323; Love v. Breedlove, 75 Texas, 652; Alstin v. Cundiff, 52 Texas, 465; Ranney v. Miller, 51 Texas, 263. Some of these cases proceed also on the doctrine of estoppel.

Another application of the same idea is made by some authorities holding that where a possessor of land has two claims to it, one of record and the other not, the possession is not notice of the unrecorded claim; the reason being that the record furnishes a sufficient answer to the inquiry excited by the possession.

The authorities cited are relied on to sustain the contention that the judgment of Haynes v. Ramirez excused the mortgagee from further inquiry as fully as if the defendants had made a deed to Haynes. This argument implies that, for an explanation of the possession of the land, resort was had to the judgment and its contents, a fact of which there is no evidence in the record. But conceding that the mortgagees did know of and act upon this judgment, we can not agree that they were justified in doing so. We need not determine what would be the conclusion if the judgment were one based upon an agreement by which the defendants gave up all claim to the property, which was adjudged to the plaintiff, without more appearing, for such is not the present judgment. It shows upon its face that it is based upon an agreement by which the heirs, in consideration of plaintiff having conveyed the property to Antonio, who is acting in the same proceeding as the representative of the minor defendants, allowed plaintiff to take judgment for the land and bound themselves to pay the costs. It is immaterial that the deed had already been made to Antonio. The recitals of the agreement show that the deed and judgment were both parts of the same scheme to settle the title and to pass it from Haynes by the conveyance. While the judgment does not, in express terms, state that the conveyance is made

for the benefit of others than Antonio, we think that it would suggest that thought to anyone reading it. So far, therefore, is the judgment from explaining away the possession of the land, that it is thoroughly consistent with it.

That actual possession of a part of a tract of land is notice of the claim of the possessor to the whole tract is decided in Watkins v. Edwards, supra. The point was raised in the Courts of Civil Appeals for the First and Third Districts and the doctrine reaffirmed in the case of Huntingdon v. Mattfield, 55 Southwestern Reporter, 361, 43 Southwestern Reporter, 53, in which this court, after a careful consideration of the question, refused a writ of error.

Our conclusion is that defendant in error has no right to any of the land in controversy except the interest purchased at execution sale against some of the heirs, and that the plaintiffs in error, other than those whose interests were thus sold, are entitled to the remainder. The judgments of the District Court and the Court of Civil Appeals will therefore be reversed and judgment will be here rendered establishing the title of plaintiffs in error, Placita Ramirez de Pena and her husband, Jose Pena, Delfina Ramirez de Guerra and her husband, Guadalupe Guerra, and Rosendo Ramirez, Jose Ramirez, Gabriel Ramirez, Luis Ramirez, and Louis Beatrice Ramirez, minors, and their guardian, Pedro Zarate, and James B. Wells, to an undivided 71/120 of all the land in controversy, and of the plaintiff Francis Smith and the defendant F. O. Skidmore, as against all other parties to the suit, in the remaining 49/120. Skidmore did not appeal from the judgment of the District Court nor join in the writ of error from the Court of Civil Appeals, but was joined as an appellee in the appeal of the other defendants from the first named judgment. His rights are materially affected by the alteration now made in the judgment of the lower courts, and it follows, as an incident of the judgment rendered by this court, that the judgment below against him for the purchase money should be reversed and the cause remanded for another trial of the questions between him and the plaintiff Smith. Hamilton v. Prescott, 73 Texas, 565.

*Reversed and rendered in part and remanded in part.*