**HARDIN et al. v. PALM et ux. (No. 6984.)**

(Court of Civil Appeals of Texas. San Antonio. June 13, 1923. Rehearing Denied June 29, 1923.)

**1. Judgment ⬩⟾707—Not binding on one not a party.**

One not a party to a suit and wherein no judgment was rendered against her is in no wise bound in the suit or by the judgment.

**2. Husband and wife ⬩⟾242—Sale on execution of separate property held void.**

Sale on execution of the separate property of a married woman, who was a stranger to the suit, judgment, and execution, is void, and invests the purchaser with no title unless by reason of the fact that she·was the wife of the judgment debtor and of the claim that the purchaser had no notice of her separate ownership.

**3. Execution ⬩⟾272(2)—Purchasers not permitted to set up ignorance of wife's ownership in land sold on execution for ·husband's debt.**

Where ⬩purchasers, at sale of land which had been conveyed to a wife individually, on execution for a husband's debt, resided within a few miles of the land, and some of them knew it was in cultivation, but none examined the records to ascertain the record owner, nor inquired of the tenant in possession, or other source, to ascertain facts of ownership and possession, it· being their duty before purchasing to ascertain whether it was occupied, and, if so, to go to the party in possession and ascertain the nature thereof, having disregarded such opportunities they cannot set up ignorance of such facts.

**4. Appeal and error ⬩⟾1033(7) — Judgment against parties interpleaded by defendant held without injury to plaintiff.**

"In suit to foreclose deed of trust lien on land, notwithstanding that it was brought against mortgagors only, and plaintiff did not implead his former co-owners, who with him had purchased the land at prior execution sale, but such co-owners were impleaded by defendants, a judgment that the trust lien in favor of plaintiff was ordered foreclosed against all defendants in the suit was without injury to plaintiff.

**5. Appeal and error ⬩⟾1073(1) — Judgment against defendants interpleaded by defendant held without injury as to them.**

Where plaintiff and others purchased lands on execution for a husband's debt, and thereafter plaintiff acquired the interests of the others and became owner of a certain trust deed executed by the husband and wife, in foreclosure thereof, ·plaintiff's copurchasers having been interpleaded by defendants, in

view of the fact that in judgment of foreclosure against all defendants the copurchasers were held to have no interest in one certain tract, they were not injured by foreclosure against them as to such tract.

**6. Liens ⬤➾22—One seeking foreclosure of lien not entitled to relief in absence of pleadings and prayer therefor.**

A party seeking foreclosure of a lien, or seeking to establish superiority thereof, or claim against the claim of others, is not entitled to affirmative relief in absence of pleading and prayer therefor.

**7. Judgment ⬤➾251(1)—Allowing foreclosure as to land purchased at execution sale against purchasers not parties impleaded by defendants held not supported by pleadings.**

Where plaintiff, having with others purchased lands on execution, thereafter acquired the interest of the others, and later brought foreclosure of trust deed lien against defendants, who impleaded the copurchasers, plaintiff not having availed himself of the presence of such copurchasers by affirmatively pleading facts entitling him to affirmative relief as against them, a judgment of foreclosure of the land as to them was error.

**8. Appeal and error ⬤➾242(2)—Where affirmative action requested on motion for finding of facts, motion deemed waived.**

Where the request to file the court's findings and conclusions was not presented in open court, nor called, to the court's attention, nor affirmative action requested thereon, such motions will be regarded as waived, and reversal cannot be had for the court's failure to comply with such request.

**9. Appeal and error ⬤➾1071(6)—Failure to file finding of facts and conclusions of law held without injury to appellant.**

In suit to foreclose trust deed lien where the facts in the record are undisputed, and, except in one particular, not affecting either plaintiff nor defendant, could other judgment than the one entered have been rendered, no injury resulted to plaintiff because of the court's failure to file his findings and conclusions.

**10. Husband and wife ⬤➾171(8)—Wife's liability held to be a surety for husband's debt.**

Where the debt secured by a trust deed was that of a husband, and not for the wife's necessities, nor for the benefit of her separate property, in joining with her husband in such deed, she incurred no personal liability by executing the note, and by executing the deed of trust on her separate estate she placed it in the relation of surety for her husband's debt.

### On Motion for Rehearing.

**11. Appeal and error ⬤➾832(4)—Too late, after assignment of error disposed of, to incorporate in motion for rehearing statements from record not in brief.**

After assignment of error has been considered and disposed of on the briefs of the parties, it is then too late to incorporate in the motion for rehearing statements from the record not contained in the brief.

Appeal from District Court, Wilson County; Covey C. Thomas, Judge.

Action by O. E. Hardin against Gustav B. Palm and wife, in which W. E. Hardin and others were impleaded. From the judgment rendered, plaintiff and the parties impleaded appeal. Affirmed in part, and reversed in part, and remanded.

T. P. Morris, of Stockdale, and L. B. Wiseman, of Floresville, for appellants.

Geo. M. Clifton, of San Antonio, and McCracken & Carr, of Floresville, for appellees.

SMITH, J. On April 20, 1920, W. R. Wiseman recovered a personal judgment in the district court of Wilson county against Gustav B. Palm and others, and by virtue of an execution issued thereon the sheriff levied upon and sold two tracts of land, one containing 210 and the other 117 acres, situated in said county. The record title to the 210-acre tract was in Gustav B. Palm, one of the judgment debtors, but the record title to the 117-acre tract was in Melissa A. Palm, wife of the said Gustav, although she was not a party to the suit, or mentioned in the pleadings or judgment. The lands were bought in by O. E. Hardin, W. E. Hardin, T. Y. Hardin, August Franke, and three others whose interests were subsequently acquired by O. E. Hardin. At the time the lands were thus sold under execution they were encumbered by a deed of trust, executed by Palm and wife, to secure a promissory note executed by them and payable to the Union Central Life Insurance Company, for the principal sum of $2,500, and certain interest coupon notes of $200 each. Subsequent to the execution and delivery of these notes they were purchased by O. E. Hardin, above mentioned. When the Palms defaulted in the payment of the first two interest notes, Hardin exercised his option to mature the entire obligation, and brought this suit against Gustav and Melissa Palm to recover the amount of the notes and for foreclosure of the deed of trust lien upon both tracts of land.

In bringing this suit, O. E. Hardin, the plaintiff and holder of the notes and lien, did not implead W. E. Hardin, T. Y. Hardin, and August Franke, Jr., who, with O. E. Hardin, had purchased the lands at the sheriff's sale and still held their interests acquired at that sale. But, when Gustav and Melissa Palm answered, they set up the facts of the sheriff's sale, impleaded the omitted purchasers at that sale, and prayed for cancellation of the sheriff's deed in so far as it purported to convey to the purchasers at that sale any interest in or title to the 117-acre tract, which, it was alleged, was the separate property of Melissa Palm, who, it was contended, was not a party to the orig-

inal foreclosure suit, was in no way bound by the judgment therein rendered, or precluded by the sale made under the execution issued thereon. The Palms further set up in answer to O. E. Hardin's suit that Melissa Palm executed the note sued upon as surety for her husband, Gustav; that the 117-acre tract covered by the deed of trust was her separate property; and that in event of foreclosure and sale thereunder she was entitled to have the 210-acre tract sold first, and the 117-acre tract sold last, and only in the event the proceeds from the sale of the 210-acre tract were insufficient to discharge the debt. O. E. Hardin and the defendants who with him purchased the property at the sheriff's sale denied that the 117-acre tract was the separate property of Melissa Palm, and set up that they were innocent purchasers, for value, without notice of Mrs. Palm's separate ownership.

The cause was submitted to the court without a jury, and judgment was rendered decreeing the 117-acre tract to be the separate property of Melissa Palm, canceling the sheriff's deeds conveying the same, and adjudging Melissa Palm to be a surety on the notes sued on, and that the 117-acre tract "stands in the relation of surety for the payment of" those notes. Judgment was rendered in favor of O. E. Hardin against Gustav Palm for the amount of the notes, foreclosing the deed of trust lien against all parties as to both tracts of land, and providing for the sale of the 210-acre tract first. O. E. Hardin complains here of the finding that Melissa Palm was surety on the note, and of the order decreeing that the 117-acre tract be sold last, and he also joins the three other purchasers in complaining of the cancellation of the sheriff's deed. O. E. Hardin on the one hand, and his cograntees in the sheriff's sale on the other, filed separate pleadings in the court below, and separate briefs here, but are represented by the same counsel, and so far as applicable their contentions are made in common.

[1, 2] It appears from the record, as stated, that the 117-acre tract was the separate property of Mrs. Palm, and title thereto had stood in her name, individually, for nearly 20 years. Many years prior to the sheriff's sale she had placed the property in the possession of a tenant, who continuously thereafter remained in possession. She was not made a party to the original suit, no judgment was rendered in that suit against her, and therefore she was in no wise bound in the suit or by the judgment. Execution was issued against her husband, a judgment debtor, and under that execution the sheriff levied upon and sold the 117-acre tract, the separate property of Mrs. Palm, who was a stranger to the suit, judgment, and execution. Under these facts it is obvious that the sale of her property under this execution was void, and invested the purchaser at that sale with no title to the property, unless it be by reason of the fact that Mrs. Palm was the wife of the judgment debtor, and of the claim that the purchasers had no notice of her separate ownership.

[3] Appellants contend that at the sheriff's sale they were innocent purchasers of this property, for value and without notice, and that Mrs. Palm was thereby precluded, but the record does not support this contention.

It appears that all the purchasers reside within a few miles of the land, and some of them, at least, knew it was in cultivation. None of them examined the records to ascertain the name of the record owner, none of them made inquiry of the tenant in possession, or of any other source, to ascertain the facts of ownership or possession. If they had consulted the records, they would have found that Melissa Palm was at least the record or apparent owner; if they had consulted those in possession, it is presumed that they would have ascertained that she exercised dominion over the property, and, if they had pursued the inquiry to normal sources, they would have ascertained the true facts. The possession of the land was open, obvious, active, affirmative, and we think the prospective purchasers were required, before purchasing, to ascertain if the premises were occupied, and, if occupied, to go to the one in possession and ascertain the nature and extent of his possession. Because the purchasers disregarded these opportunities for so easily ascertaining the facts, they will not now be permitted to set up their ignorance of those facts. Ramirez v. Smith, 94 Tex. 184, 59 S. W. 258; Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Grocer Co. v. Burks, 101 Tex. 106, 105 S. W. 174; Markley v. Martin (Tex. Civ. App.) 204 S. W. 123.

Appellants contend that, although the record showed the property to have been conveyed to Mrs. Palm individually, yet it is nevertheless presumed to have been the community property of her husband and herself, because of the absence from the record of any recitation that said property was her separate estate, or for her sole or separate use and benefit; that "where judgment is obtained against the husband, and execution is issued and levy made upon community property of husband and wife, and the property is sold, and the purchaser at said sale buys said property and pays value therefor without notice of any equities of the wife, the purchaser takes good title to said property, as against both husband and wife." A similar contention was made and overruled in the case of Markley v. Martin, supra, in which writ of error was denied. In that case it was said upon this point by Chief Justice Fly:

"If possession of the property devolved upon the Martins the duty of inquiry as to the authority upon which the occupants were holding it, then the Martins were not innocent purchasers; for such inquiry, properly prosecuted, would have inevitably led to the discovery that the property was the separate estate of appellant.

"We are aware of the fact that the courts of Texas hold that property acquired by purchase, whether the conveyance be in the name of the husband or of the wife, or in the names of both, is prima facie presumed to belong to the community. Of course, such presumption may be rebutted by proof that it was bought with the separate funds of either husband or wife. It is also held that the mere fact that a conveyance is made to a married woman does not put a purchaser upon inquiry. However, while the deed, standing alone, would raise the presumption that the property was community, still that presumption might be destroyed by circumstances, taken with the fact that the deed, contrary to the usual custom as to community property, was made to the wife. This was not only true, but the wife rendered it for taxation, rented it, and collected the rents herself. When Davis bought she was in possession of the property through her tenants, and was in such possession when Davis sold to the Martins. But outside of all this, the Martins were put upon notice by the possession of the premises by certain persons, and it was their duty to inquire into such possession."

And further:

"Appellant [the married woman], under the statute, article 4621, had 'the sole management, control and disposition of her separate property, both real and personal,' and she had the absolute right to lease her property and collect the rents independent of her husband; and while under former laws before she was clothed with such power, the deed to the wife would not excite inquiry, yet when she not only has such deed, but renders the property for taxation in her own name, rents it in her own name, and collects the rents in her own name, and pays the taxes in her own name, all these circumstances should put any reasonable man on notice of her claim. She can hold property adversely to all others under that statute and acquire title thereto. It is not necessary to say whether this adverse holding could prevail against her husband. We think that under the statute herein cited her possession and control should give notice that she is claiming the property. To hold otherwise would be in the face of article 4621, Revised Statutes, which clothes the wife with equal rights with her husband as to the control, management, and disposition of her property."

For the reasons given we overrule the first, third, fifth, sixth, seventh, ninth, and tenth propositions and assignments of error presented by appellant O. E. Hardin, and the first, third, fifth, seventh, and eighth propositions and assignments of the other appellants.

[4] It appears that the deed of trust lien in favor of O. E. Hardin was ordered foreclosed against "all of the defendants in this suit," neither of whom was expressly named in this provision in the judgment. The defendants consisted of the Palms, W. E. and T. Y. Hardin, and August Franke, Jr. The lien was held by O. E. Hardin, who brought his suit against the Palms only. He did not implead his co-owners, consisting of the remaining defendants, did not assert his lien to be superior to their claims to the land, and did not seek any judgment against them of foreclosure or for any other purpose. The question is presented of whether or not O. E. Hardin was entitled to judgment of foreclosure against those defendants, in the absence of any pleading or prayer for any character of relief against them. Complaint is made of this judgment, not only by the defendants against whom the judgment is rendered, but by O. E. Hardin, in whose favor the relief was granted.

To justify reversal, some injury, either actual or potential, must be shown by the complaining litigant. Of course, O. E. Hardin cannot show such injury, since the foreclosure was in his behalf, and not only could not injure, but necessarily benefited him. Accordingly, his fourth assignment of error, and fourth proposition, raising this question, will be overruled.

[5] Appellants T. Y. and W. E. Hardin, and August Franke, Jr., raise the same question in their fourth assignment and proposition, in which they complain of the foreclosure of O. E. Hardin's deed of trust lien against them, in the absence of pleadings or prayer for that purpose. In view of the fact that in the same judgment they were held to have no interest in the 117-acre tract, they could not be injured by the foreclosure against them as to that tract, and to that extent the error complained of becomes immaterial.

[6, 7] But, in so far as the deed of trust lien is foreclosed against them as to the 210-acre tract, a different question arises, and we think the error, if any, is material, entitling them to complain, and it is obvious that the court erred in allowing this foreclosure. A party seeking foreclosure of a lien, or seeking to establish the superiority of his lien or claim against the claim of others, is not entitled to such affirmative relief in the absence of any pleadings or prayer therefor. Here the holder of the lien did not make the complaining defendants parties to his suit, nor did he show by his pleadings that they had any claim or interest in the 210-acre tract, or that his lien was superior to their claim, or interests. It is true that said defendants were impleaded in the suit by the defendant Palms, on the latter's cross-action, but the plaintiff O. E. Hardin could not avail himself of their presence, so compelled, except by affirmatively pleading facts entitling him to affirmative relief against them. In so far as the rights of plaintiff O. E. Hardin were concerned, the other defend-

ants may not be regarded as parties to the suit, for, while they were obliged, after appearing, to take notice of all pleadings filed by any of the parties to the suit, no judgment could be taken against them by either party except in response to affirmative pleadings for that purpose. The fourth assignment of error presented by appellants W. E. and T. Y. Hardin, and August Franke, Jr., and the proposition of law predicated thereon, must therefore be sustained.

[8, 9] In the eighth assignment and proposition of appellant O. E. Hardin, and the sixth assignment of the other appellants, complaint is made of the failure of the trial court to file written findings of fact and conclusions of law. It appears from a qualification appended by the trial court to the bill of exceptions, showing this transaction that, although plaintiff O. E. Hardin and the defendants Palm filed motions requesting the court to file his findings and conclusions, neither of these motions was in open court presented, or called to the court's attention, and affirmative action requested thereon. This being true, the motions will be regarded as waived, and the judgment will not be reversed because of the court's failure to comply with the request. Before the parties may complain of such failure it must affirmatively appear from the record that the motions were not only filed in the court below, but were affirmatively called to the attention of the court, and that subsequently the court failed or refused to grant the request. Besides, the facts in the record are undisputed, and, except in the one particular we have mentioned, it appears that no other judgment than the one entered could have been rendered. Accordingly, no injury is shown to have resulted to appellants because of the court's failure to file his findings and conclusions, and for that reason, also, the failure does not warrant reversal.

[10] Complaint is made in the tenth assignment of error presented by appellant O. E. Hardin that the court erred in holding that Melissa Palm was but a surety on the note sued on, and that her separate property stood in the relation of surety for the debt, and in requiring that her separate property, the 117-acre tract, be sold last. This assignment must be overruled. The 117-acre tract was the wife's separate property; the debt sought to be secured was the debt of her husband, and was not for the wife's necessities, or for the benefit of her separate property. This being true, she incurred no personal liability by reason of having executed the note, while by executing the deed of trust upon her separate estate she simply placed that estate in the relation of surety for her husband's debt. Bank v. Ferguson, 109 Tex. 287. The court properly held her liability to be secondary to that of her husband and properly required that the 210-acre

tract, the community property, be first sold, and that her property be not sold unless there was a deficiency after the sale of the community property.

We think as between appellees and appellants the cause was properly disposed of, and should be affirmed. But as between appellant O. E. Hardin and the other appellants the judgment must be reversed and the cause remanded, because of the error in foreclosing the former's lien as against the latter, in the absence of any pleadings for that purpose.

Affirmed in part; in part reversed and remanded.

## On Motion for Rehearing.

For no reason apparent from the record, the trial court found and decreed in the judgment that the sheriff's deed, conveying the 210-acre tract to the purchasers at that sale, "should also be canceled and held for naught as to the 210¼-acre tract of land, in so far as said deed affects the rights of the defendant Melissa A. Palm, as surety on the notes sued on." Appellants vigorously complain of this decree, particularly on rehearing. It is not perceived that this provision in the judgment can affect the rights of any of the parties, and for that reason it will be regarded as surplusage. Appellants' deed of trust lien was ordered foreclosed against this tract, without reservation, and the purchaser at the foreclosure sale will take a title undiminished by the foregoing provision in the decree. Mrs. Palm's rights as a surety do not extend to the 210-acre tract, which was concededly community property.

Appellant O. E. Hardin complains, particularly on rehearing, of the refusal of the court below to decree in its judgment that appellant holds a sheriff's deed to an undivided five-eighths' interest in the land, and that by reason thereof the sale of the land under the judgment of foreclosure "should not affect appellant's undivided five-eighths' interest in said land," which he owns by reason of his purchase at sheriff's sale. The purchase of this five-eighths' interest was made long after the deed of trust lien herein foreclosed, was created, and of which appellants had notice, and therefore their subsequent purchase at sheriff's sale could not operate to impair or affect the existing deed of trust lien. It is for this reason, as well as those stated in the original opinion, that appellant's fifth and sixth assignments of error were overruled.

[11] Appellants complain also of the overruling of O. E. Hardin's eighth, and the other appellants' sixth, assignment of error, in which complaint is made of the failure of the trial court to file findings of fact. In their motions for rehearing, appellants introduce statements from the record which were not embraced in their briefs, but in

order to obtain consideration of these statements appellants should have set them out in their briefs. It is too late, after the assignment of error has been considered and disposed of on the briefs of the parties, to incorporate in the motion for rehearing statements from the record not contained in the brief, and such statements will not be considered on rehearing.

The motion for rehearing is overruled.