### CARVER v. MOORE.   (No. 6858.)

(Court of Civil Appeals of Texas. Austin.
Oct. 14, 1925.)

Limitation of actions ☞100(13)—Possession of land held insufficient notice of possessor's title to start running statute of limitation against one negotiating with third person therefor.

Where one party to an exchange of lands showed the other lands which did not belong to him, and were located within pasture of third person, as lands which he wished to trade, held, such third person's possession was not sufficient to put person viewing lands on notice as to his title, and start statute of limitations against him, in view of custom in use of grazing lands.

On motion for rehearing. Motion overruled.

For former opinion, see 275 S. W. 90.

BAUGH, J. In his motion for rehearing appellant earnestly insists that Jones' possession of the lands shown Moore was notice to Moore of Jones' title or claim to the land, and that Moore's failure to ascertain that Jones, instead of Carver, actually owned the land Moore thought he was buying, was, under such circumstances, a lack of diligence, which, as a matter of law, would start the statute of limitation against him. In support of this he cites numerous authorities on the proposition that possession of land constitutes notice of title, and puts the purchaser upon inquiry as to same; the chief Texas cases being House v. Reavis, 89 Tex. 626, 35 S. W. 1063, Foster v. Johnson, 89 Tex. 640, 36 S. W. 67, Ramirez v. Smith, 94 Tex. 190, 59 S. W. 258, and Collum v. Sanger Bros., 98 Tex. 165, 82 S. W. 459, 83 S. W. 184. The rules as to notice there laid down are well settled.

In each of those cases there was a controversy between the owner and some claimant to the lands immediately involved in the suit. Under the view we take of this case, however, these rules are not applicable to the instant case. There is no controversy between Moore and Ed Jones. The title to the lands actually shown Moore, but owned by Jones, is not involved. The question here is Moore's diligence in discovering the fact that the land he bought was not located where it was pointed out to him. He had a right to assume, when he inspected it, that it was. It was not fenced separate and apart from other lands. Nor did the fact that Ed Jones was using the land by merely letting his cattle graze upon and over it, along with the other lands in his large inclosure, necessarily evidence a claim of title. In fact, it was shown to be a common custom among ranchmen in that section to use lands within their large pastures in this manner which they neither owned, claimed, nor leased.

In this same pasture Jones testified that he had two sections which he neither owned, claimed, nor leased, but was using for grazing purposes in the same manner as he did the lands pointed out to Moore. The witness Findley testified that he had and used in like manner in that county a 60-section pasture, in which he owned only 12 sections, had 25 or 30 others leased, and used the remaining sections without either claiming them or paying anything for them. Moore himself testified that, "out in Culberson county, if a man has 100 sections in one ranch, maybe he don't own over two-thirds of it; the other he is just using." Moore had other lands in that county, besides those bought from Carver, and was familiar with these practices. He had a right to rely upon the representations made him as to the location of Carver's land, and in passing upon the question of his diligence we must, as stated in our opinion, treat it as though the land conveyed him was located where it was pointed out in Ed Jones' pasture. We are not prepared to say, therefore, that Jones' use of the land inspected by Moore was, under all the facts and circumstances of this case, such use or possession that would, as a matter of law, put Moore upon notice that Jones owned, or was claiming title to, such lands. We think, rather, that all these matters raised an issue of fact as to Moore's diligence under the circumstances, and it was the realm of the jury to pass upon that issue.

---

(275 S.W.)

What we have said also in effect disposes of the other matters raised in appellant's motion, and makes further findings of fact unnecessary.

Appellant's motion is overruled.

Motion overruled.