## BERTRAM v. REED AUTOMOBILE CO., Inc.

### No. 8775.

Court of Civil Appeals of Texas. San Antonio.

March 16, 1932.

Rehearing Denied May 11, 1932.

J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

SMITH, J.

Appellant purchased a "used" automobile from appellee, who is a dealer in new and used automobiles. The car "proved wholly unsatisfactory and would not do the work required of it, nor would the same function and give plaintiff any service, and he returned same to the defendant's business place in Corpus Christi." Appellee then proposed to exchange another used car for the one rejected, appellant accepted the proposition, and the trade was made. Appellee's agent represented the second car taken by appellant as "a good little car," a "dandy," a "bearcat," which had been "well taken care of"; that it "had good rubber on it," had "not been driven but 19,000 miles," had "not been mistreated," was "a sure enough automobile," a "good automobile"; that mechanics

had gone over the car and found it in perfect working condition. The car was a 1926 model, was about two years old at the time. Appellant examined the car, was satisfied with it, executed written contracts for its purchase, agreeing to pay a money difference between it and the car he turned in for it. He took the car home with him, used it for about two years, during which time appellee sued' him and recovered judgment against him for the amount he had agreed to pay. After more than two years he brought this suit against appellee to recover damages alleged to have been sustained by him by reason of the fraud appellee practiced upon him in palming off said car on him.

We have concluded that the trial court properly directed a verdict against appellant, upon several grounds. First, the representations made by appellee's agent in making the sale to appellant, as set out above, are not such as will support a charge of fraud in a transaction of this sort. Common experience and observation cause one to marvel at the moderation of the selling agent in making his trade talk to appellant. For an automobile selling agent to describe his offering merely as a "dandy," a "bear-cat," a "good little car," a "good automobile," or even a "sweet job," is nothing. Those are relative terms, they may mean anything the orator or the listener wants, and neither may be penalized if the one exaggerates or the other is disappointed. There may be something more definite in the representations that the car had been well taken care of, had good rubber on it, had been driven but 19,000 miles, had not been mistreated, that mechanics had found it in perfect condition. But even if in any given case such statements would support a charge of fraud, this is not such case, for none of the statements were proven to have been false, or fraudulently made. Appellant has pointed out no evidence upon which a fraud case could possibly be predicated.

The charge of fraud is further defeated by the fact that appellant purchased the car upon his voluntary written contracts by which the responsibility of appellee was repeatedly and expressly restricted to the warranties and guaranties embraced in those contracts, none of which are claimed to have been breached.

There are other questions in the appeal, but as appellee was entitled to the directed verdict upon the bald facts of the case, there is no occasion to expressly pass upon other questions.

The judgment is affirmed.

On Motion for Rehearing.

Appellant has filed, a belated but able and earnest motion for rehearing, complaining mainly of the findings of fact by this court. We adhere to the original decision, but in deference to counsel's vigorous motion, will further discuss. the case for a moment.

Appellant complains bitterly of the finding that he "examined" the car in question before purchasing it. That finding is correct, at least to the extent that appellant observed the car, and made at least a cursory, external inspection of it, and appraised its apparent condition as far as ascertainable from such inspection. The record warrants the conclusion that he made such examination. Certainly he would not be entitled to complain if he did less.

For the first time appellant set out in his motion a great mass of testimony in support of the assignments of error in his brief, but this diligence comes too late in a motion for rehearing. The proper place therefor was in the brief upon the original presentation, by which the parties must be bound.

After reviewing the whole record, we are still unable to escape the conviction that the appeal has been properly decided; but, even if it had been made apparent by appellant's statements from the record on rehearing that we were in error, we were misled thereto in the original presentation by appellant, who cannot now complain.

Appellant's motion will be overruled.