## NEW AMSTERDAM CASUALTY CO. v. LUDDEKE.

No. 9331.

Court of Civil Appeals of Texas. San Antonio.

May 9, 1934.

Rehearing Denied June 27, 1934.

Appellee devotes the first eighteen pages of his brief to objections to the consideration of the assignments of error and propositions propounded in appellant's brief. Many of those objections are well taken and will be given effect, but need not be discussed at this juncture.

In its first proposition appellant complains of two rulings of the trial judge, first, in permitting appellee to interline the word "not" into an allegation in his trial petition, and, second, in overruling appellant's first application for a continuance based upon the first ruling, which was made as the parties were entering upon the trial. There is no merit in this proposition, which will be overruled. In the first place, the interlineation was but a correction of an obvious typographical error, which could not possibly have lulled appellant into a disadvantageous position; in the second place, the application for continuance was insufficient in substance as well as in its authentication; and, in the third place, the ruling of the court on the application is not shown by bill of exception or otherwise. For all these reasons, and each of them, appellant's first proposition is overruled.

In its second proposition appellant complains of the admission of testimony to the effect that appellee suffered pain as a result of his injury. The objection made below was that the statute does not provide compensation for pain and anguish, but for disability only. In its brief appellant does not show that it objected to the testimony upon the ground that it was harmful or prejudicial to appellant, and it does not appear here that it was injurious. Certainly its admission, even if erroneous, presents no cause for reversal.

Appellant's third proposition is, in effect, that, where the injury in a compensation case is confined by the pleadings and evidence to a specific member of the body, it is error to submit to the jury the issue of total and permanent disability. The statement under this proposition is limited to a recitation of portions of appellee's petition and of the evidence adduced upon the trial. If the proposition was designed to complain of any ruling of the trial judge, it is too general for that purpose, for in neither proposition, statement, nor argument thereunder is any specific action or ruling of the judge pointed out as the target of the complaint. The proposition refers indirectly to the submission of the issue of total permanent dis-

Kampman & Burney and Wm. P. Dobbins, all of San Antonio, for appellant.

Charles J. Lieck and Herman A. Knopp, both of San Antonio, for appellee.

SMITH, Justice.

This is a workmen's compensation case, in which Fred E. Luddeke was the employee, H. J. Von Rosenberg the employer, and New Amsterdam Casualty Company the insurer. The latter has appealed from a judgment awarding lump sum compensation to the employee.

ability, but no further reference is made in or under the proposition to such issue. The objectionable issue is not set out, substantially or otherwise. If its submission was objected to at the time, such objection or the time or manner of its presentation is not shown in appellant's brief, and this court is not burdened with the duty of searching the record, blindly and without reference, for such information. The second proposition cannot be considered here, and for like reasons appellant's sixth and seventh propositions will be disregarded.

Appellant's fourth proposition is wholly insufficient to show error here. The proposition is, simply, that a lump sum recovery, in compensation cases, may be had only where the plaintiff pleads and proves, and the jury finds, that the employee has suffered total and permanent incapacity. The only statement under this proposition is that the court submitted, and the jury answered affirmatively, the issue, "Would the payment of compensation, if any, to plaintiff in weekly installments result in manifest hardship and injustice?" Obviously, such statement presents nothing for review here, and the proposition will be disregarded, as will also the fifth, eighth, tenth, and eleventh propositions, for like reasons.

Appellant's ninth proposition is, in substance, that it is error to give general instructions in a case submitted upon special issues. The proposition is not supported by any statement from the record, and therefore, as a matter of course, presents nothing for review. If the proposition is aimed at a specific instruction, the objectionable instruction should be set out, at least in substance, for inspection here. It is not set out under the proposition, and there is no record reference given by which a reviewing court may locate it, or the circumstances of its submission or any objections thereto.

In its twelfth proposition appellant complains that the trial court allowed appellee 6 per cent. interest on accrued installments of compensation. If the award is excessive, the excess is not apparent on the face of the decree, and appellant furnishes no formula showing any excess or the amount thereof, or any method of computation by which this court may correct the error, if any. We overrule the twelfth proposition. We also overrule the thirteenth proposition, in which it is claimed that the judgment is against the preponderance of the evidence.

The judgment is affirmed.

## On Motion for Rehearing.

This court feels obliged, upon consideration of appellant's motion for rehearing, to adhere to the original disposition and the opinion thereon. The defects in and omissions from appellant's brief, and pointed out in the original opinion, are sought to be cured and supplied in the motion for rehearing. But that effort comes too late. Parties are bound by and restricted to the presentation in their briefs. Any other rule would result in disorder, confusion, delays, the disruption of orderly procedure in this court. This is too obvious to require argument to support it. 3 Tex. Jur. §§ 658, 714; Neal v. Galveston, H. & S. A. R. Co., 37 Tex. Civ. App. 235, 83 S. W. 402; Peck v. Peck (Tex. Civ. App.) 83 S. W. 257; Hardin v. Palm (Tex. Civ. App.) 253 S. W. 948; McCreary v. Robinson (Tex. Civ. App.) 57 S. W. 682; Bertram v. Reed Automobile Co. (Tex. Civ. App.) 49 S.W.(2d) 517; Jones v. Clark (Tex. Civ. App.) 30 S.W.(2d) 577.

Appellant's motion will be overruled.