**JOHNSON et al. v. CITY OF REFUGE LODGE et al.    (No. 9050.)**

Court of Civil Appeals of Texas. Galveston. Dec. 21, 1927.

Rehearing Denied Jan. 19, 1928.

1. **Appeal and error** ⟷767(1)—**Where judgment was rendered October 19, 1926, briefs filed October 24, 1927, ten days before date for submission for oral argument, should be stricken; no justifiable excuse being given for delay.**

Where judgment was rendered October 19, 1926, appeal was perfected and transcript filed February 26, 1927, and cause was set for submission on June 30, 1927, but cause was reset for submission on oral argument on November 3, 1927, briefs filed by plaintiffs in error on October 24, 1927, should be stricken, where they offered no excuse for failure to file briefs within time prescribed and no explanation of delay other than that leading counsel for plaintiffs in error had died pending appeal.

2. **Appeal and error** ⟷767(1)—**Defendants in error having acquiesced in final submission, though briefs were stricken, court must ascertain whether record presents fundamental error.**

Defendants in error having acquiesced in final disposition of case and asked in motion to strike out briefs that judgment be affirmed, appellate court was required to ascertain whether record presented fundamental error which would defeat right of defendants in error to affirmance, though briefs were stricken.

3. **Appeal and error** ⟷672—**Assignment complaining of peremptory instruction does not present "fundamental error" apparent on face of record.**

An assignment complaining of peremptory instruction, or attacking verdict on ground that it is not supported by any evidence, does not present "fundamental error" apparent on face of record.

<hr>

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Harris County; Ewing Boyd, Judge.

Action of trespass to try title by the City of Refuge Lodge and others against Jesse Johnson and others, in which defendants filed cross-action. Judgment for plaintiffs, and defendants bring error. Affirmed.

A. F. Sundermeyer, of Houston, for plaintiffs in error.

W. P. Hamblen and Fowler & Conn, all of Houston, for defendants in error.

PLEASANTS, C. J. This was an action of trespass to try title, brought by appellees against appellants to recover title and possession of lots 1 and 2 in block 5, Hardcastle addition to the city of Houston.

The defendants in the court below pleaded not guilty, and further specially pleaded title in themselves to the lots claimed by plaintiffs, and also to lots 7, 8, and 9 in block 10 of such addition, and asked judgment against plaintiffs for the title and possession of all of the lots before mentioned.

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiffs for lots 1 and 2 in block 5, Hardcastle addition, and, further, in favor of plaintiffs that defendants take nothing against plaintiffs in their suit for recovery of lots 7, 8, and 9 in block 10 of said addition.

This judgment was rendered on October 19, 1926. Plaintiffs in error filed their petition and writ of error bond on November 29, 1926, and perfected their appeal and filed the transcript in this court on February 26, 1927. No briefs were filed in the court below as required by the rules.

The cause was set for submission on June 30, 1927, but attorney for plaintiffs in error having, under the rule of this court, notified the clerk of the court that he desired to orally argue the case, it was reset for submission on oral argument on November 3d. On October 24, 1927, plaintiffs in error filed briefs in this court. Defendants in error's attorneys, on October 26, 1927, filed a motion to strike out the briefs because they were not filed within the time prescribed by the rules. This motion was submitted with the case on November 3, 1927.

Attorney for plaintiffs in error, on November 2, 1927, filed a reply to the motion to strike out the briefs. This reply offers no excuse for the failure to file the briefs within the time prescribed by the rules, and no explanation of the apparently unreasonable delay in informing the attorneys for the defendants in error of the grounds upon which a reversal of the judgment is sought, other than the statement that "the leading counsel for plaintiffs in error in the trial of the case had died pending the appeal and while the attorney for plaintiffs in error (in this court) assisted in the trial of the case, the case assumed the aspect of 'bête noir' and the filing of briefs was procrastinated."

The only argument made in this reply is that the brief, which was delivered to defendants in error's attorneys ten days before the case was set for submission on oral argument, contains only fifteen typewritten pages and presents only seven propositions, and "the defendants in error are represented by three attorneys, all in active practice, and among them one of the ablest land lawyers in Houston, and they do not assert in their motion that they were engaged in other urgent matter that had to be attended to, or that they did not have time during the ten days to prepare a reply brief. * * * Counsel for plaintiffs in error believes that, even if he was dilatory in not filing the briefs sooner, to strike out the briefs would be too drastic, and cause too great an injury to his clients, and believes that under the facts presented a just and reasonable exercise of the court's discretion justifies the overruling of the motion, and that the court will give such direction to the cause as will cause the least inconvenience or damage so far as practicable."

When the case was called for submission on oral argument on November 3d, counsel for appellee stated that he had not had time to file briefs in reply to appellants' brief, and made no argument on the merits, but insisted on his right to have appellants' briefs stricken from the record.

[1] We do not think the circumstances shown by the record before stated present any legal or equitable grounds upon which this court can refuse appellees' motion to strike out the briefs filed by the appellants. After six months' inexcusable delay in filing his briefs and a further delay of four months obtained by taking advantage of the rules of this court intended to facilitate the disposition of appeals and at the same time to give every attorney who so desires the opportunity to orally argue his case, the attorney for appellants is in no position to claim that appellees' attorneys were required to answer his brief in ten days, or that the disposition of the appeal be further postponed. We think the motion to strike out the brief should be granted, and it has been so ordered.

[2] Appellees having acquiesced in the final submission of the case, and asked in the motion to strike out the briefs that the judgment be affirmed, we are required to ascertain whether the record presents any fundamental error which would defeat appellees' right to an affirmance.

We have examined the record and find no such error. The judgment is supported by the pleadings and in accordance with the verdict, and there is no fundamental error in the charge of the court apparent upon the face of the record.

[3] The only claim of fundamental error presented in appellants' brief is that the evi-

dence raises issues of fact upon which appellees' title depends, and the court was therefore not authorized to instruct a verdict in favor of appellees. This court has consistently held that an assignment complaining of a peremptory instruction, or attacking a verdict on the ground that it is not supported by any evidence, does not present a fundamental error apparent upon the face of the record.

The conflict between the decisions of the Courts of Civil Appeals on this question was settled by our Supreme Court in the case of Ford & Damon v. Flewellen, 276 S. W. 903. In that case, after approving the opinion of this court construing the opinion of the Supreme Court in the case of Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, the Commission of Appeals holds that an error which can only be discovered by an examination of the statement of facts is not an error apparent of record, and that to hold otherwise would place too great a burden upon the appellate courts.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.