## GOODWIN et ux. v. HEDRICK et al. (No. 440.)

Court of Civil Appeals of Texas. Eastland. May 11, 1928.

Rehearing Denied June 22, 1928.

Appeal and error $\Longleftrightarrow$742(1)—Assignment of error, or proposition predicated thereon, not followed by statement from, or reference to, pages of record, will not be considered (Court of Civil Appeals Rules 30–32 [230 S. W. vii]).

Assignment of error treated as proposition, or proposition predicated on assignment of error, will not be considered, where not followed by statement from record, or references to pages thereof, as required by Court of Civil Appeals Rules 30–32 (230 S. W. vii).

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by J. F. Goodwin and wife against W. R. Hedrick and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

A. J. Smith, of Anson, for appellants.

Lon A. Brooks and Wagstaff, Harwell & Wagstaff, all of Abilene, for appellees.

LESLIE, J. November 4, 1922, J. F. Goodwin et ux. executed and delivered to W. R. Hedrick an instrument in the form of a warranty deed, and this suit is to establish the same as having been given as a mortgage, and to remove it as a cloud from the alleged homestead of the Goodwins. The issues submitted to the jury and the judgment entered thereon were in favor of Hedrick.

In the outset we are met by the appellees' objections to our consideration of appellants' brief, for the reason that it does not follow the rules of the court, in that it contains no assignments of error, no proper statements subjoined to the propositions, nor propositions germane to any assignment. There were no assignments of error in the brief, but since appellants had filed a motion for a new trial in the court below and apparently had elected to treat the grounds for such new trial as their assignments, this court, out of a desire to consider the case on its merits, permitted appellants to amend their brief by filing in this court said motion for new trial as supplemental to their original brief, thus supplying the omitted assignments. However, we are now confronted with the further objection to the brief, in that there are no proper subjoined statements accompanying the assignments (if treated as propositions), or the several propositions predicated on such assignments. The complaint is certainly well founded; in fact, the brief quite consistently evidences a disregard of the rules of briefing, especially rules 30, 31, and 32, 230 S. W. vii. These rules are prescribed by the Supreme Court for our observance and there is no need to comment upon the purpose or wisdom that underlies them. It is well known and recognized that an assignment of error (if treated as a proposition), or a proposition predicated upon an assignment of error, not followed by a statement from the record, as required by the rules, will not be considered. No citation of authority is needed to support this proposition; but, if any are desired, great numbers have been collated under article 1844, note 65, Vernon's Annotated Texas Civil Statutes 1925.

An essential requirement made by rule 31 is that propositions be followed by (among other things) "a clear and accurate statement of the record bearing upon the respective propositions, with a reference to the pages of the record." Said rule further provides if the statement is set out in the "brief of the

---

$\Longleftrightarrow$For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

argument," that it be "correlated entire and distinct, and so presented as to enable the court to readily consult it." Even if no argument is made, it is required that "the statement from the record shall nevertheless be given."

The only proposition in appellants' brief germane to any assignment of error which has the appearance of possible merit is followed by no character of statement from the record or reference to pages of the record. There are some purported bills of exception set out at another place in the brief, but the function they are intended to perform is not apparent. Even these contain no reference to the pages of the record where they may be found. They do not even purport to be part of a statement from the record such as is called for by the rule.

As the case has not been briefed in such manner as under the rules of the court will permit us to consider any of the assignments of error, and as there is no error apparent from the record, the judgment of the trial court is affirmed.