INSURANCE CO. OF NORTH AMERICA v. MATHERS.

No. 3349.

Court of Civil Appeals of Texas. Amarillo.

Feb. 10, 1930.

Rehearing Denied March 5, 1930.

Otis Bowyer, Jr., of Dallas, for appellant.

Kinney & Ritchey, of Miami, for appellee.

JACKSON, J.

The plaintiff, R. B. Mathers, instituted this suit in the district court of Roberts county, Tex., against·the defendant, Insurance Company of North America, a corporation, on a hail insurance policy.

The plaintiff alleges that he is the owner of a certain farm, which he fully describes, and that on or about May 3, 1928, for and in consideration of the premium of $500 cash paid by him, the defendant executed and delivered its policy to plaintiff, insuring his crop, consisting of 250 acres of growing wheat on said farm, against loss and damage by hail at an agreed value of not to exceed $20 per acre, or a total value of not to exceed $5,000 for the entire 250 acres.

That about June 4, 1928, while said policy was in full force and effect, plaintiff's said wheat crop was damaged by hail to the extent of 12 per cent., or $2.50 per acre, on the entire 250 acres, making his total damage to said crop by reason of said hail the sum of $600. That said policy is what is known as a "valued policy," and the amount of damages that plaintiff is entitled to recover for injury to his said crop by hail is limited and controlled by the terms of said policy. That although the plaintiff immediately notified the defendant of said hail and the damage to his wheat crop by reason thereof, and in all particulars performed the obligations imposed upon him by the contract of insurance, the defendant has failed and refused to pay plaintiff any sum whatever on account of such damage.

Plaintiff attaches to and makes a part of his petition a copy of said policy.

The defendant answered by exceptions and a general denial.

In response to the special issue submitted by the court, the jury found that the plaintiff's wheat crop described in the insurance policy was injured by hail about June 4, 1928, to the extent of 12 per cent. thereof.

On these findings, the court rendered judgment in favor of plaintiff for the sum of $600,

with interest thereon at the rate of 6 per cent. per annum and costs of suit, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the trial court in overruling its so-called special exceptions to the effect that plaintiff's petition failed to state the value of the property claimed to have been destroyed, that the damage is not stated with sufficient particularity, and that the measure of damages pleaded is improper, and that the allegation that the suit is based on a "valued" policy is a conclusion of the pleader and states no facts to support it.

■ Appellant's so-called special exceptions are, in effect, general demurrers. Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873. The appellee attached to his petition a copy of the written contract sued upon, and the contract, together with the allegations, are construed together in'determining the sufficiency of the pleading, and the rights of the parties are determined by the contract, so far as they are dependent upon it, and against a general demurrer is sufficient to present appellee's right to recover under the contract. However, if appellee's construction of the contract is correct, his pleadings are sufficient against the exceptions, and this assignment is overruled. Warren v. La Salle Co. (Tex. Civ. App.) 262 S. W. 527; Tokio Marine & Fire Insurance Co. v. Aldridge et al. (Tex. Civ. App.) 21 S.W.(2d) 547.

■ The appellant presents as error the action of the trial court in permitting the appellee to testify that his damages in dollars and ·cents were $600, over the objection that it was an attempt to vary the terms of a written contract upon which appellee sued and appellant's liability under the contract was a matter of law upon which the witness was not qualified to give an opinion.

The record discloses that all of the witnesses testified to the damage in terms of percentage; that appellee testified he had estimated his loss by the tests he had made to be 12 per cent. of the crop, which in dollars and cents would amount to $600. Under this record, allowing the appellee to state that 12 per cent. of the face of the policy, $5,000, would be $600, did not constitute error.

■ The appellant challenges as error the action of the trial court in rendering judgment against it because the policy sued on is not a "valued policy" but is an "open policy," and appellee, having failed to allege or prove the value of the wheat damaged and destroyed, was not entitled to recover.

The appellant, in its brief, relies on the provision of the policy which provides that:

"In the event that any crop herein described is damaged or destroyed by hail, the amount payable hereunder shall in no event exceed the same percentage of the amount of insurance

applying to the particular crop so damaged or destroyed at the date of the loss as the ascertained percentage of loss or damage by hail only bears to the whole of the particular crop or crops so damaged or destroyed at the date of the loss; nor in any event exceed the actual loss or damage sustained by hail only, nor exceed the amount of insurance applying to the particular crop so damaged or destroyed."

The policy stipulates that insurance on wheat on nonirrigated land, as appellee's was, shall not be permitted in excess of $24 per acre. It insures the appellee in the sum of $5,000 against direct loss or damage to his wheat by hail only, and provides that the amount for which appellee's wheat is insured shall not exceed $20 per acre and if the exact acreage of the crop is less than the total acreage stated in the application, that the insurance shall be reduced in the proportion that the ascertained deficiency in acreage bears to the total acreage stated in the application and the company shall return the premium on such excess. If the exact acreage is greater than the total acreage stated in the application, the amount of insurance per acre shall be determined by dividing the total amount of insurance applying to the crop by the total number of acres comprising the crop.

The policy also provides that the company shall not be liable for loss or damage by hail to the crop unless such loss or damage equals 5 per cent. or more of the crop; nor except for such portion as is traceable directly to hail; nor for any loss or damage to any crop or part thereof from any other cause or causes combined with hail; nor for any loss or damage by hail to any crop where it has been so damaged from any other cause as to preclude a profit over and above the actual cost of harvesting, storing, and marketing said crop.

The provision of the policy quoted stipulates, in effect, that if the crop is damaged by hail, the amount payable under the policy shall in no event exceed the same percentage of the amount of insurance as the ascertained percentage of damage caused by hail only bears to the whole crop and that the amount payable shall not exceed the actual damage caused by hail only, nor exceed the amount of insurance applying to the crop insured. This limits the amount of the recovery to the percentage that the part of the crop damaged by hail alone bears to the whole crop.

Such provision nowhere mentions the value of the crop nor the value of the wheat injured or destroyed as the measure of appellee's damages.

"It is not so written in the policy, and can only be claimed as the intention of the parties, to be ascertained from a construction of the language used. Since the language calls for construction to determine what the parties intended, that construction must be gov-

erned by the following familiar rules of law: First. The language being selected and used by the insurer to express the terms and conditions upon which it issued, the policy will be strictly construed against it, and liberally in favor of the insured. If the words admit of two constructions, that one will be adopted most favorable to the insured." Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S. W. 1060, 1061.

In construing a policy of insurance, all the provisions thereof must be considered and construed together, and if by so doing a reasonable construction can be placed thereon without any ambiguity or uncertainty, such construction will prevail. Home Benefit Ass'n v. Brown (Tex. Civ. App.) 16 S.W.(2d) 834, 835.

In our opinion, the construction we have given is in accord with the other provisions of the policy, the substance of which we have stated; but, in any event, the policy is susceptible of two interpretations, and we should adopt that one most favorable to the insured, and the court did not commit error in permitting appellee to recover without alleging and proving the value of the wheat damaged and destroyed by the hail. Fidelity Union Fire Ins. Co. v. Mitchell (Tex. Civ. App.) 249 S. W. 586, and authorities cited.

There is another rule of construction that we think sustains the ruling of the court, and that is if an instrument is ambiguous, great weight is given to the interpretation placed upon such instrument by the parties thereto. Livingston Oil Corp. v. Waggoner (Tex. Civ. App.) 273 S. W. 903; Midland Shoe Co. v. A. L. & K. Dry Goods Co. (Tex. Civ. App.) 281 S. W. 344.

The record discloses that the insurance company had blank forms that it furnished on which proof of loss was made to the company. It provided that such notice should be signed by the insured and sent by registered mail to the insurance company within forty-eight hours after the loss, and among other things contained this provision:

"I am aware that according to the policy under which I am making claim that if for any reason the company is not liable for loss, or if the loss does not exceed 5% of the Face Amount of My Policy, then I am liable for the expenses incurred by the company for investigating said claim and I agree to pay to said company on demand all such expenses."

The witness E. B. Harris, offered by the insurance company, testified that he was employed by the Rain & Hail Bureau, who were agents of appellant, and that his position was special agent and adjuster. That he had adjusted other hail losses for the appellant under this same kind of policy, and stated:

"You ask me to suppose that my tests on this Mathers field revealed a loss of twelve

per cent. and to state how much damage that would be under this policy and I state that if. my tests had revealed a loss of twelve per cent., then the loss under this policy would be $600.00. To determine the loss in dollars and cents you simply take the percentage that the tests reveal of damage to the crop and take that per cent. of the policy. * * * When I say a percent of loss, I mean a percent of the face value of the policy if it is over 5%. * * * That is the parlance that is commonly used among all the adjusters."

It is manifest from this record that appellee and appellant interpreted the policy as meaning a percentage of the face value of the policy.

 Appellant's other proposition presented in its brief for consideration is not followed by a statement from the record, and no reference to any page of the record is made under such proposition and no argument or authorities submitted in support thereof, and will therefore not be considered. Goodwin et ux. v. Hedrick et al. (Tex. Civ. App.) 7 S.W.(2d) 596.

The judgment of the trial court is affirmed.