### HARPER v. ALLEN et al.
### No. 8546.

Court of Civil Appeals of Texas. San Antonio.
March 18, 1931.

Rehearing Denied April 29, 1931.

R. T. Pritchett and Sidney P. Chandler, both of Corpus Christi, for appellant.

E. B. Ward, Howell Ward, Kleberg & Eckhardt, and J. C. North, all of Corpus Christi, for appellees.

COBBS, J.

This suit was filed by appellant against appellees to set aside a certain judgment rendered in the district court of Nueces county, on the 22d day of July, 1927, in cause No. 8592, Annie Bechert et al. v. W. A. Harper. In addition to canceling the judgment, the plaintiff sought to have the cloud, cast upon the title of his land by such judgment, removed. The land involved in this suit and the former suit above mentioned is located in Nueces county, Tex., and described as lot No. 10, block No. 3, in the Brooklyn addition to the city of Corpus Christi, Tex.

Appellant, among other things, pleaded that he was a resident of the state of California at the time said suit was filed and judgment taken, and that he had no notice or service of said action and trespass to try title except by publication. He pleaded that at the time said suit was filed he had a good defense to the alleged cause of action, and that he then had, and now has, a fee-simple title to the land.

Appellant further alleged that he was not represented in any matter by an attorney of his choice in that suit, and that the attorney who filed an answer in said cause was appointed by the court, and pleaded that the proceedings in said action did not comply with the requirements of the Revised Statutes of Texas 1925, title 42, articles 1975 to 1977. Appellant alleged that no statement of facts was filed in said cause No. 8592, as is required by law in such cases, and prayed that the judgment be canceled and annulled, and that the cloud cast upon the title to his land be removed.

The defendants, appellees herein, pleaded a general demurrer and several special excep-

tions, and then in the alternative pleaded that they were the owners in fee simple of the record title of and from the sovereignty of the soil, and also pleaded the three, five, and ten year statutes of limitation.

The case was tried with a jury. After the evidence was all in, both parties filed separate motions for an instructed verdict. The court refused to grant appellant's motion, but granted appellees' motion.

Plaintiff introduced evidence showing title to him through the Kinney and Jones title, which merged into the Corpus Christi City & Land Company, a remote grantor of plaintiff. It was shown that his grantor and remote grantors had actual peaceable possession of the land involved in this suit from February 7, 1907, until the latter part of 1919. The defendants relied on an alleged chain of title through what is known as the Kinney title, and the instruments upon which they base their title are in the statement of facts.

It is contended that, in suits upon which citation by publication is relied, as here, to give the trial court jurisdiction of the action in trespass to try title, the plaintiff's chain of title must be set out in the petition and specially pleaded, but that the chain of title in cause No. 8592, was not set out in the petition, wherein appellees were plaintiffs, so judgment in that case is fundamentally wrong. Appellant herein in the present suit pleaded that the appellees did not comply with the requirements of the statute in suits where jurisdiction is obtained by publication in cause No. 8592, styled Annie Bechert et al. v. W. A. Harper, in support of which he introduced in evidence the record in No. 8592, including the plaintiffs' petition, the answer by the attorney ad litem, citation by publication, affidavit of J. C. Scott, attorney who originally filed the suit, and the judgment.

This suit was brought by virtue of and under the law, article 1975, R. S., which reads as follows:

"Art. 1975. *Actions Maintainable.*—Persons claiming a right to or interest in property in this State may bring and prosecute to final decree, judgment or order, actions against non-residents of this State, or persons whose place of residence is unknown, or who are transient persons, who claim an adverse estate, or interest in, or who claim any lien or incumbrance on said property, for the purpose of determining such estate, interest, lien, or incumbrance, and granting the title to said property, or settling the lien or incumbrance thereon."

Article 1976 provides for service by publication, and article 1977 states the requisites of pleadings, as follows:

"Art. 1977. *Requisites of Pleadings.*—The pleadings in such case shall set forth the ti-

tle of the complainant, and such proceedings shall be had in such action as may be necessary to fully settle and determine the question of right or title in and to said property between the parties to said suit, and to decree the title or right of the party entitled thereto; and the court may issue the appropriate order to carry such decree, judgment or order into effect."

And article 1978 provides that "no judgment by default shall be taken in such case, but the facts entitling the plaintiff to judgment shall be exhibited to the court on the trial; and a statement of the facts shall be filed as provided by law in suits against non-residents of this State where no appearance has been made by them." The statute also provides that an attorney shall be appointed by the court to represent the interest of the nonresident.

Permit us to to stop here and call to the attention of the trial court that the average attorney fails to understand the importance and significance of his appointment to defend with all his might and vigor the rights of the nonresident party. Under article 1977 it is required to fully settle and determine the question of right or title in and to the property between parties to the suit and to decree the title or right of the party entitled thereto.

So zealous is the law in such nonresident suits that it requires the court to appoint a competent attorney to represent such nonresident fairly and truthfully, and that at the time the facts in the case entitling the plaintiff to a judgment shall be exhibited, and a statement of the facts shall be filed, as provided by law in other cases, in suits against nonresidents where no appearance is made.

We are reminded here that no facts were exhibited upon the trial before judgment was taken, and that thereafter no statement of facts was filed. Our courts have many times held that such failure to exhibit and prove the facts renders the judgment a nullity.

While our statutes provide for service of citation by publication, they carefully prescribe the service to be had, and consequently, when the suitor fails to follow the demands of the statute, passed for the protection of the absent holder, he acquires no rights.

Of course the question of the right acquired under our statutes also presents a jury question, of which no right is given to lightly pass it by.

Nothing is said in the statute about pleading the title specially, but we think that is what the statute requires, that the same should be specially pleaded, link by link. No other meaning can be made of the statute.

It is probable that a discussion of the validity of the former judgment in the case might have been pretermitted because appellant, after seeking cancellation of the former judgment, engaged in the trial of the cause on its merits, thereby entering an appearance. No more could have been gained for appellant by a cancellation of the judgment rendered against him than to give him a trial on the merits. He obtained this, and consequently the only vital question on this appeal is as to the correctness of the action of the court in instructing a verdict for appellees. If appellant introduced any evidence which should have been considered by the jury, the judgment should be reversed, if not, it should be affirmed.

The testimony of appellees, copied in appellant's brief, is amply sufficient to sustain their pleas of limitation, and it devolved upon appellant to show that there was controverting evidence offered by appellant sufficient to raise a question of fact to be considered by a jury. Unless appellant did this, it was not error to instruct a verdict for appellees. In his brief appellant sets out ample testimony to show that the property had been in possession of appellees probably since 1871, and clearly since 1919, appellees had been in possession of the property, using and enjoying it and openly claiming it adversely to every one. Appellant asserts that he introduced evidence which controverted the evidence presented by appellees, and which he copies, but not one single word of testimony offered by him on limitation is copied in support of his assignments of error or propositions. He states that a certain witness swore to facts raising an issue as to limitations, but does not state any of it. If he had testimony which contradicted the testimony of Mrs. Savage, which he quoted, it devolved on him to give such testimony, in substance at least. This he did not attempt to do but sought to throw the burden on this court of searching a cumbersome statement of facts to sustain his propositions. The duty of developing and searching after facts to sustain propositions of law propounded by counsel is one pertaining to an attorney, and no such duty is required of an appellate court.

It follows that, while the original judgment should have been set aside, appellant gained an opportunity to fully present his cause to the trial court on the last trial, and that was all to which he was entitled. As the case is presented to this court, there was no error in the trial judge instructing a verdict for appellees.

The judgment is affirmed.