### CHASTEEN v. CLARK et al.
### No. 4319.

Court of Civil Appeals of Texas.
Amarillo.
Dec. 3, 1934.

Grady L. Fox and Robert E. O'Keefe, both of Amarillo, for appellant.

Gibson & Sutton, of Amarillo, for appellee United States Fidelity & Guaranty Co.

HALL, Chief Justice.

The appellant, Chasteen, was arrested in the courthouse by Deputy Constable W. M. Roberts, who carried him before Judge B. R. Clark, justice of the peace, and without a trial he was ordered forthwith to jail. He filed this suit against Judge Clark, the United States Fidelity & Guaranty Company, surety on his official bond, Jack Burgess as constable, making his bondsmen also parties to the suit, and against W. M. Roberts, deputy constable, to recover damages in the sum of $2,000.31.

The case was tried to a jury, and in response to special issues they found: (1) That plaintiff was not drunk at the time of his arrest; (2) that at such time his acts, conduct, and appearance were not such as to justify defendant Roberts in reasonably believing him to be drunk; or (3) to justify Judge Clark in reasonably believing him to be drunk; (4) that he was taken into Judge Clark's office, who failed to fix his bail; (5) that he suffered some damages by reason of his arrest and incarceration; and (6) was damaged to the extent of $200.31.

After the verdict was returned, Judge Clark and the United States Fidelity & Guaranty Company moved for judgment non obstante veredicto. This motion was sustained and judgment was entered only against the defendant Roberts. Chasteen has appealed from the action of the trial judge in sustaining the motion for judgment non obstante veredicto. Roberts did not appeal.

The appellees have filed a motion to strike the appellant's brief and dismiss the appeal. This motion must be sustained.

■ The appellant has filed as a brief a three-page instrument which contains neither assignments of error nor propositions pointing out any alleged error in the trial court. In his argument he insists that there was no legal arrest, no valid complaint until after his arrest, imprisonment, and release, that the defendants did not act under color of office in committing him to prison, and that immunity does not extend to a justice of the peace, more especially when he was not acting within his jurisdiction. There is not a reference, in the instrument, either to the statement of facts or transcript.

In Clonts et al. v. Johnson, 116 Tex. 489, 294 S. W. 844, the Supreme Court, approving an opinion of the Commission of Appeals answering certified questions, held that where an appellant wholly failed to copy any assignment of error in his brief, the Court of Civil Appeals should confine its consideration of the case to only fundamental errors, if any, apparent on the face of the record; that the authority of the Court of Civil Appeals to revise the action of the lower court is limited to those questions which (are not fundamental and) are duly assigned as error; and further expressly holds that a Court of Civil Appeals has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power.

The rule there announced has been quoted many times with approval, and the Commission further held that the word "may," in R. S. art. 1844, as amended by Acts 1931, c. 75, § 1 (Vernon's Ann. Civ. St. art. 1844), which provides that the appellant need not file assignments of error with the clerk of the court below but may embody in his brief in the appellate court all the assignments of error, is mandatory. Lamar-Delta County Levee Improvement District v. Dunn (Tex. Civ. App.) 42 S.W.(2d) 872; Id. (Tex. Com. App.) 61 S.W.(2d) 816; Lamar-Delta County Levee Improvement Dist. v. Gordon (Tex. Com. App.) 61 S.W.(2d) 817; Id. (Tex. Com. App.) 61 S.W.(2d) 818.

■ There is no fundamental error shown in the record. We are not required to go through an entire statement of facts to discover the fundamental nature of alleged errors, even though fundamental error was suggested by appellant. Egan v. Lockney Farm-

ers' Co-op. Soc. (Tex. Com. App.) 284 S. W. 937.

Because this court has no jurisdiction, the appeal is dismissed.