## CUMMINGS v. ORMSBY.
### No. 11747.

Court of Civil Appeals of Texas. Dallas.
June 22, 1935.

John B. Muse, of Dallas, for appellant.

Thompson, Knight, Baker & Harris and Adair Rembert, all of Dallas, for appellee.

LOONEY, Justice.

This is a suit by H. M. Cummings against Dr. F. E. Ormsby, to recover damages alleged to have resulted from defendant's unskillful and negligent treatment of plaintiff for a fractured arm. Defendant answered by a general demurrer and a general denial. At the conclusion of the evidence, on motion the court directed a verdict for defendant, judgment was rendered accordingly, from which plaintiff appealed.

The pith of the several assignments and propositions urged for reversal is that the court committed reversible error in directing the verdict and in rendering judgment for defendant, for that, the evidence considered as a whole, tended to show that defendant was guilty of negligence in the respect alleged.

The assignments and propositions urged are not followed by statements from the record, showing that the evidence adduced tended to establish plaintiff's cause of action. Although the statement of facts, in Q. and A. form, contains the testimony of twelve witnesses and consists of 378 pages, the only references to the facts made in plaintiff's brief are that, "The evidence in the case amply warranted a submission of the case to the jury * * *, the evidence of defendant's witnesses, when taken with the testimony of the expert witnesses, shows that the defendant would be liable if the jury believed the testimony of the plaintiff's witnesses * * *, the expert medical testimony of the defendant, when taken by itself, or with the testimony of other witnesses, made a question of fact to be submitted to the jury." In order to review the action of the court and properly appraise the assignments and propositions urged, we would be compelled to read every page of the lengthy statement of facts. This is not our task, but under the rules is a duty imposed upon the party seeking reversal. The pertinent provisions of rule No. 31 for Courts of Civil Appeals read: "* * * the brief shall contain, addressed respectively to the several propositions or points presented * * *, a clear and accurate statement of the record bearing upon the respective propositions with reference to the pages of the record * * *. To avoid unnecessary repetition, it shall be permissible for the brief of the argument to contain the necessary statement from the record, but such statement shall be correlated, entire and distinct, and so presented as to enable the court to readily consult it."

In the recent case of Texas Indemnity Ins. Co. v. Dean (Tex. Civ. App.) 77 S. W.(2d) 748, 749, Chief Justice Walker, for the Beaumont court, used the following pertinent language: "The assignment that the evidence failed to raise the issue of 'good cause' is overruled. No statement is made in support of this assignment. The only way this court could review the point would be to search the entire statement of facts. In Blackmon v. Trail, 12 S.W.(2d) 967, 968, the Commission of Appeals held that we had 'no power to consider such an error.'" To the same effect see Hawkeye, etc., Co. v. Cashion (Tex. Civ. App.) 293 S. W. 664, 666; Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568, 572; Goodwin v. Hedrick (Tex. Civ. App.) 7 S.W.(2d) 596; Insurance Co., etc., v. Mathers (Tex. Civ. App.) 31 S.W.(2d) 1095, 1098; Gill v. Baird (Tex. Civ. App.) 32 S.W.(2d) 941, 947; Harper v. Allen (Tex. Civ. App.) 38 S.W.(2d) 146, 148; Bustamante v. Haynes (Tex. Civ. App.) 55 S.W.(2d) 137; Threadgill v. Fagan (Tex. Civ. App.) 64 S.W.(2d) 405, 407; New Amsterdam Casualty Co. v. Luddeke (Tex. Civ. App.) 72 S.W.(2d) 942; Towery v. Plainview, etc., Ass'n (Tex. Civ. App.) 72 S.W.(2d) 948, 951.

The mere giving of a peremptory instruction, not being fundamental error apparent of record, assignments complaining of such action, not supported by appropriate statements, will not be considered, as the court is not required to search the record for evidence sustaining the assignment. In Johnson v. City of Refuge Lodge (Tex. Civ. App.) 1 S.W.(2d) 506, 508, Judge Pleasants, for the Galveston court, said: "This court has consistently held that an assignment complaining of a peremptory instruction, or attacking a verdict on the ground that it is not sup-

ported by any evidence, does not present a fundamental error apparent upon the face of the record." To the same effect see Blackmon v.· Trail (Tex. Com. App.) 12 S.W.(2d) 967; Chasteen v. Clark (Tex. Civ. App.) 77 S.W.(2d) 306.

As the brief of appellant failed to reveal reversible error, the judgment of the court below is affirmed.

Affirmed.