ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 21, 2005

The Honorable Jeri Yenne                         Opinion No. GA-0313
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A                      Re: Whether a county commissioners court may
Angleton, Texas 77515                            compel a justice of the peace to use a vendor
                                                 under contract with the county to collect court
                                                 fines, fees, and costs (RQ-0276-GA)

Dear Ms. Yenne:

You ask whether a county commissioners court may compel a justice of the peace to use a vendor under contract with the county to collect court fines, fees, and costs.[1] You indicate that the Brazoria County Commissioners Court has contracted with a private attorney to collect unpaid fines, fees, and court costs under articles 103.003 and 103.0031 of the Code of Criminal Procedure, which pertain to the collection of fines, fees, court costs, and restitution for which a public officer has issued a written bill. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.003, .0031 (Vernon Supp. 2004-05); *see also id.* art. 103.001 (describing payable costs); Request Letter, *supra* note 1, at 1.

## I.  Code of Criminal Procedure articles 103.003 and 103.0031

Article 103.003(a) authorizes "[d]istrict and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace" to collect monies for which an officer has produced a written bill. TEX. CODE CRIM. PROC. ANN. art. 103.003 (Vernon Supp. 2004-05); *see also id.* art. 103.001 (defining payable costs). Subsection (c) indicates that the commissioners court has authority to contract for the collection of the fines, fees, court costs, and restitution: "This article does not limit the authority of a commissioners court to contract with a private vendor or private attorney" to provide "collection services under Article 103.0031." *Id.* art. 103.003(c).

Article 103.0031(a) expressly authorizes a county commissioners court to "enter into a contract with a private attorney or a public or private vendor for the provision of collection services for . . . : (1) debts and accounts receivable such as unpaid fines, fees, court costs, forfeited bonds, and restitution ordered paid by: (A) a court serving the county . . . ." *Id.* art. 103.0031(a)(1)(A). Under subsection (b), a commissioners court that enters into a collection contract "may authorize the

---

[1]*See* Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Sept. 20, 2004) (on file with the Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

addition of a collection fee in the amount of 30 percent on each item described in Subsection (a) that is more than 60 days past due and has been referred to the attorney or vendor for collection," although a defendant whom the court of original jurisdiction has determined is indigent is not liable for the collection fee. *Id.* art. 103.0031(b), (d); *see also id.* art. 103.0031(f) (instructing when an item subject to collection services and to the additional collection fee is 60 days past due). "The collection fee does not apply to a case that has been dismissed by a court of competent jurisdiction or to any amount that has been satisfied through time-served credit or community service." *Id.* art. 103.0031(b). The county may use the 30% collection fee only to compensate the attorney or vendor (the "collection agent") who earns the fee. *See id.* art. 103.0031(g).

## II.      Facts

According to your letter, Brazoria County has contracted with a private attorney under article 103.0031(a) to collect delinquent court costs and fees. *See* Request Letter, *supra* note 1, at 1. The attorney collects a 30% collection fee, as article 103.0031(b) authorizes the attorney to do. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 103.0031(b) (Vernon Supp. 2004-05).

You further indicate that Brazoria County has contracted with the Texas Department of Public Safety (the "Department") under Transportation Code section 706.002. *See* Request Letter, *supra* note 1, at 1; *see* TEX. TRANSP. CODE ANN. § 706.002 (Vernon Supp. 2004-05). Section 706.002 authorizes a political subdivision, such as a county, to contract with the Department

> to provide information necessary for the [D]epartment to deny renewal of the driver's license of a person who fails to appear for a complaint or citation or fails to pay or satisfy a judgment ordering payment of a fine and cost in the manner ordered by the court in a matter involving any offense that a court has jurisdiction of under Chapter 4, Code of Criminal Procedure.

TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2004-05); *see also id.* § 706.001(2)-(3), (7) (defining the terms "department," "driver's license," and "political subdivision"). The term "complaint" for purposes of chapter 706 is defined to mean "notice of an offense," *id.* § 706.001(1), "for which maximum possible punishment is by fine only or" for a parking offense, TEX. CODE CRIM. PROC. ANN. art. 27.14(d) (Vernon Supp. 2004-05). *See also id.* art. 45.019 (setting out complaint requisites). A citation is defined for purposes of chapter 706 to include only citations for traffic-law violations. *See* TEX. TRANSP. CODE ANN. § 706.003(a) (Vernon Supp. 2004-05). Upon receiving the necessary information from a political subdivision that has contracted with the Department under section 706.002, the Department may deny renewal of a driver's license to the person who failed to appear or to pay or satisfy a judgment. *See id.* § 706.004(a). A person who fails to appear for a complaint or citation must pay a $30 administrative fee "for each complaint or citation reported to the department under" a chapter 706 contract, payable when (1) the court enters judgment; (2) the court dismisses the underlying offense; or (3) "bond or other security is posted to reinstate the charge for which the warrant was issued." *Id.* § 706.006(a). Similarly, a "person who fails to pay or satisfy a judgment ordering the payment of a fine and cost . . . shall be required to pay

an administrative fee of $30." *Id.* § 706.006(b). The $30 fee, which is remitted to the officer who collects the fine, is split between the local government's general fund, the Texas Comptroller, and the Department. *See id.* § 706.007(a), (d)-(e).

The Department has contracted with a private vendor, OmniBase Services of Texas, to collect and store information regarding violators who fail to satisfy a fine and court costs. *See* Request Letter, *supra* note 1, at 1. The Department can obtain the information from OmniBase "to deny the renewal of a violator's driver's license." *Id.*

## III.    Analysis

You ask first whether a person who has failed to pay court-ordered fines, fees, or costs must pay both the 30% fee under Code of Criminal Procedure article 103.0031(g) and the $30 fee under Transportation Code section 706.002. Request Letter, *supra* note 1, at 2. You characterize both contracts as collection contracts. *See id.* In other words, you ask, is a county "allowed to have more than one collection contract" and if so, "is each collection entity allowed to charge a collection fee, 30% by one and $30.00 by the other." *Id.* We assume you limit this question to judgments in matters covered by section 706.002 of the Transportation Code.

A contract under section 706.002 is not a contract to collect delinquent fines, fees, or court costs. Rather, it is a contract to provide information regarding persons who fail to pay court-ordered judgments so that the Department can deny renewals of their drivers' licenses. *See* TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2004-05). Because the county's contract with the Department is not a collection contract and was not entered under Code of Criminal Procedure article 103.0031, the county has not entered two collection contracts. A county is expressly authorized to enter a contract both (1) for the collection of fines, fees, and costs under article 103.0031 of the Code of Criminal Procedure, and (2) to provide information to the Department under section 706.002 of the Transportation Code.

Additionally, both statutes authorize the collection of a fee, and the fees are cumulative. Article 103.0031(b) expressly permits a county to add a 30% fee to delinquent fines, fees, and costs collected by the collection agent under contract with the county. *See* TEX. CODE CRIM. PROC. ANN. art. 103.0031(b) (Vernon Supp. 2004-05). Section 706.006 expressly permits imposing a $30 administrative fee on a person who fails to appear or fails to pay a fine and cost in certain criminal matters. *See* TEX. TRANSP. CODE ANN. § 706.006(b) (Vernon Supp. 2004-05). We thus conclude that a defendant in such a criminal matter whose delinquent payment is collected under a contract entered in accordance with article 103.0031 may be charged both fees: a fee equal to 30% of the delinquent payment for the services of the collection agent, and a fee of $30 to provide the information regarding the delinquent payment to the Department. *See infra* at p. 6 (discussing calculation of the 30% collection fee where both the collection fee and the $30 administrative fee are due).

You next ask whether a commissioners court that has entered a contract with a collection agent under article 103.0031 of the Code of Criminal Procedure may compel justices of the peace

to use the agent. *See* Request Letter, *supra* note 1, at 2. Under article 103.003(a), a justice of the peace "may collect money payable under this title," which appears to recognize a justice's authority to receive fines and fees or to dispose of fines and fees using the statutory means provided in chapter 45 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 103.003(a) (Vernon Supp. 2004-05); *see also id.* arts. 45.045, .046, .047, .049 (Vernon Supp. 2004-05); *infra* (describing permissible means by which a justice may collect or otherwise dispose of a fine). Yet, subsection (c) stipulates that article 103.003 "does not limit" a commissioners court's authority "to contract with a private vendor or private attorney" to provide collection services. *Id.* art. 103.003(c).

Justices of the peace are constitutional officers created by article V, section 18 of the Texas Constitution. *See* TEX. CONST. art. V, § 18. Article V, section 19 sets out the jurisdiction of a justice of the peace: "Justice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law . . . ." *Id.* art. V, § 19. In a criminal action in which the defendant is convicted, the justice must issue a judgment that the defendant pay a fine and costs to the state. TEX. CODE CRIM. PROC. ANN. art. 45.041(a) (Vernon Supp. 2004-05). The justice may order the defendant to pay:

> (A) the entire fine and costs when sentence is pronounced;
>
> (B) the entire fine and costs at some later date; or
>
> (C) a specified portion of the fine and costs at designated intervals.

*Id.* § 45.041(b)(1). We are concerned here with a defendant who fails to pay the fine and costs, or a portion thereof, by the date specified in the judgment.

A court has inherent authority to enforce a final judgment, *see Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex. App.–Corpus Christi 1992, no writ), and several statutes in Code of Criminal Procedure chapter 45 provide a justice with means for collecting or disposing of delinquent fines and fees. For example, a justice court may order a *capias pro fine* for the arrest of an adult defendant who has defaulted on the court's judgment. TEX. CODE CRIM. PROC. ANN. art. 45.045(a) (Vernon Supp. 2004-05); *see also* BLACK'S LAW DICTIONARY 200 (7th ed. 1999) (defining *"capias pro fine"* as "a writ for the arrest of a person who had not paid an imposed fine"). Or the justice may order the defaulting defendant confined in jail until the judgment is "discharged by law," and may order the fine and costs "collected by execution against the defendant's property." TEX. CODE CRIM. PROC. ANN. arts. 45.046(a), .047 (Vernon Supp. 2004-05); *see also id.* art. 45.048 (stating when a fine and costs are discharged by law). In the alternative, a justice may require a defaulting defendant "to discharge all or part" of a fine or costs "by performing community service." *Id.* art. 45.049(a). Finally, a justice may hold a defaulting defendant in contempt of court in certain circumstances. *See id.* art. 45.050.

We are to harmonize statutes to the extent it is possible to do so. *See* TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 2005). In this situation, we note that a collection agent may collect a fee

in the amount of 30% only on fines, fees, and court costs that are "more than 60 days past due" and that have been "referred" to the collection agent. TEX. CODE CRIM. PROC. ANN. art. 103.0031(b) (Vernon Supp. 2004-05). As a practical matter, even though a collection agent may collect a debt that is less than 60 days past due, the agent will not do so because he or she is not authorized to collect a fee. On the other hand, a justice of the peace has authority to enforce a judgment that is not timely satisfied from the moment the payment is late. *See id.* arts. 45.045(a), .046(a), .049. In those counties that have contracted with a collection agent, a fine or cost that is more than 60 days late may be collected by a collection agent, but the justice of the peace's authority to collect or otherwise dispose of the fine using the means the justice is statutorily authorized to use, by, for example, allowing the defendant to satisfy all or part of the fine through time-credit or community service or by determining the defendant is indigent, is not thereby abrogated. *See id.* art. 103.0031(b), (d) (indicating that the collection fee may not be collected if the court has made certain findings or ordered all or part of the fine satisfied through time served or community service); *see also id.* arts. 45.045(a), .046(a), .049 (authorizing a justice court to discharge a delinquent fine through *capias pro fine*, time-served credit, or community service). In other words, the commissioners court may not, by entering a contract with a collection agent, force a justice court to refrain from taking those actions the court is statutorily authorized to take with respect to the overdue fines and costs.

You next ask about the proper remedy in the event that a justice of the peace, or any other elected official who is authorized to collect fees under article 103.003(a), "refuses to forward their delinquent costs or fees to the collection entity under the contract." Request Letter, *supra* note 1, at 2. We presume you ask about fines or costs that are at least 60 days delinquent.

Article 103.0031(b) authorizes imposing a 30% collection fee only on items that "have been referred to" the collection agent. TEX. CODE CRIM. PROC. ANN. art. 103.0031(b) (Vernon Supp. 2004-05). The article does not indicate, however, how the items are to be referred. The commissioners court has authority to enter a contract that binds the justice courts (although the commissioners court may not thereby abrogate the justice's authority), and Brazoria County has entered a contract that obligates the county to refer "all delinquent accounts" to the collection agent "by electronic or magnetic medium." Contract for Court Fees and Fines Collection Services II, attached to Request Letter, *supra* note 1. The justices of the peace are subject to the contract, but the contract itself does not appear to impose specific duties on the justices.

The remedies we list are premised on an assumption that a particular justice's actions violate the law, but we do not here consider whether any justice's conduct rises to that level. Assuming that a justice is violating the law, chapter 103 of the Code of Criminal Procedure does not specify a remedy, nor does chapter 27 of the Government Code, which provides generally for justice courts. *See* TEX. CODE CRIM. PROC. ANN. ch. 103 (Vernon Supp. 2004-05); TEX. GOV'T CODE ANN. ch. 27 (Vernon 2004). An action for writ of mandamus may be brought in a statutory county court to compel a justice of the peace to comply with the law if the amount in controversy is within the county court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0004(a) (Vernon 2004) (providing statutory county courts with jurisdiction over writs of mandamus); *Meridien Hotels, Inc. v. LHO Fin. P'ship I*, 97 S.W.3d 731, 736 (Tex. App.–Dallas 2003, no pet.) (construing Government Code section 25.0004(a)). A justice of the peace who, in an official capacity, intentionally or knowingly

violates the law may, in certain circumstances, be prosecuted for abuse of official capacity under Penal Code section 39.02. *See* TEX. PEN. CODE ANN. § 39.02 (Vernon 2003); Tex. Att'y Gen. Op. No. DM-396 (1996) at 8. A justice also may be removed from office if the justice's wrongful actions constitute official misconduct. *See* TEX. LOC. GOV'T CODE ANN. §§ 87.011(3), .012(14), .013(a)(2) (Vernon 1999); Tex. Att'y Gen. Op. No. DM-396 (1996) at 9. A justice of the peace is subject to the Code of Judicial Conduct and may be disciplined by the State Commission on Judicial Conduct. *See* TEX. CONST. art. V, § 1-a(6); Tex. Att'y Gen. Op. No. DM-396 (1996) at 9. Imposing these remedies depends on the facts in a particular situation, and we do not consider here whether any particular justice may be subject to any of these remedies.

You also ask that we respond to two questions raised by local justices of the peace. *See* Request Letter, *supra* note 1, at 2; Memorandum from Justices of the Peace attached to Request Letter. Positing a scenario in which "[a]n original warrant is issued on September 1, 2004 for a total dollar amount of $300.00," the justices ask:

> [1.] After 60 days from issuance of the original warrant, can a Justice of the Peace office forward the warrant to a collection firm adding 30% ($90.00) to the original cost of the warrant and to Omni adding $30.00 to the now $390.00 warrant at the same time bringing the total due on the warrant to $420.00?
>
> [2.] Can [the] Commissioners court of a county enter into an agreement with a collection firm to collect warrants in a Justice of the Peace office against the will of the Justice of the Peace?

Memorandum from Justices of the Peace attached to Request Letter, *supra* note 1.

With respect to the justices' first question, article 103.0031(b) permits a commissioners court to authorize a collection agent to add a 30% collection fee "on each item described in Subsection (a)," including unpaid fines, fees, and court costs, "that is more than 60 days past due and has been referred to the" collection agent. TEX. CODE CRIM. PROC. ANN. art. 103.0031(b) (Vernon Supp. 2004-05); *see id.* art. 103.0031(a) (listing items for which a county may engage a collection agent). Under section 706.006 of the Transportation Code, a $30 administrative fee is assessed when either a defendant (a) fails to appear for a complaint or citation or (b) fails to pay or satisfy a court judgment. *See* TEX. TRANSP. CODE ANN. § 706.006(a)-(b) (Vernon Supp. 2004-05). Whether a collection agent may collect a 30% collection fee on the $30 administrative fee, as well as on the other fines, fees, and costs depends on whether the administrative fee is 60 days past due. For example, the $30 administrative fee is 60 days past due simultaneously with fines, fees, and costs assessed in an action in which the defendant failed to appear, since all were assessed at the same time. If the $30 administrative fee is 60 days past due, the collection agent may collect a 30% fee on the administrative fee, so that the total due is $429: ($300 + $30) x 30% = $429. On the other hand, if the $30 administrative fee accrued when the defendant failed to pay or satisfy a court judgment, the court judgment is 60 days past due before the administrative fee is 60 days past due. In this circumstance, the agent may not collect a 30% fee on the $30 if it is not yet 60 days past due,

and the total due of the defendant is $420: ($300 x 30%) + $30 = $420. The total due in any particular circumstance will depend, therefore, on the facts.

With respect to the justices' second question, the county has authority to enter a contract with a collection agent under article 103.0031 even if the justice court is against the contract. *See* TEX. CODE CRIM. PROC. ANN. art. 103.0031(a) (Vernon Supp. 2004-05). Moreover, the collection agent may collect fines and costs that are over 60 days late even though the justice of the peace with original jurisdiction of the case disapproves of the contract.

## S U M M A R Y

A defendant in a matter described in section 706.002 of the Transportation Code who has failed to pay court-ordered fines or costs must pay both (1) a 30% fee if the county has contracted with a collection agent under Code of Criminal Procedure article 103.0031(g) and (2) a $30 fee if the county has entered a contract under Transportation Code section 706.002.

Under articles 103.003 and 103.0031 of the Code of Criminal Procedure, a county commissioners court may contract with a private collection agent to collect delinquent fines and court costs that were imposed by a justice court. The commissioners court may not thereby abrogate the justice court's authority to collect or otherwise dispose of the fines and costs, however.

Whether a collection agent may collect a 30% collection fee under article 103.0031(b) of the Code of Criminal Procedure on the $30 administrative fee levied under section 706.006 of the Transportation Code will depend on whether the $30 fee is 60 days past due.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee